UNITED STATES of America,
Plaintiff,

v.

ARMCO STEEL CORPORATION, Dover Corporation, Dresser Industries, Inc., Walter O'Bannon Company, United States Steel Corporation, and the Youngstown Sheet and Tube Company, Defendants.

No. 35326–Cr.

United States District Court
S. D. California,
Central Division.

Feb. 14, 1966.

See also, D.C., 252 F.Supp. 364.

Draper W. Phillips, Department of Justice, Antitrust Division, Los Angeles, Cal., and John J. Schimmenti and Rudolph Pearl, Los Angeles, Cal., for plaintiff.

Breed, Abbott & Morgan, by Robert A. Bicks, David S. Patterson, and Curtis W. Enyeart, New York City, and Flint & Mackay, by John C. Argue, Los Angeles, Cal., for defendant Armco Steel Corporation.

Latham & Watkins, by Philip F. Belleville, Los Angeles, Cal., and Curtis, Mallet-Prevost, Colt & Mosle, by Winslow M. Lovejoy, Jr., New York City, for defendants Dover Corporation and Walter O'Bannon Co.

McCutchen, Black, Verleger & Shea, by Philip K. Verleger and Jack D. Fudge, Los Angeles, Cal., for defendant Dresser Industries, Inc.

Musick, Peeler & Garrett, by Jesse R. O'Malley and Donald R. Gail, Los Angeles, Cal., for defendant United States Steel Corporation.

Adams, Duque & Hazeltine, Los Angeles, Cal., by Lawrence T. Lydick, Los Angeles, Cal., and J. F. Wagenhauser, General Counsel Continental-Emsco Co., Dallas, Tex., for defendant Youngstown Sheet and Tube Co.

HALL, District Judge.

The indictment was filed in this case on September 28, 1965. After an order severing the trial—there were two counts —and setting the trial as to Count 2 before the trial of Count 1, the defendants filed a motion for a bill of particulars with nine paragraphs divided into 31 subparagraphs, all of which were granted except paragraph 7, which contained three subparagraphs, which was denied without prejudice to its renewal.

Without detailing the repeated efforts of the defendants and the repeated orders of the court to require the plaintiff to supply the particulars requested and

originally ordered by Judge Crary, an order was made by me on December 20 and filed December 27, 1965 specifying the details wherein the Government's particulars in its several previous documents were lacking.

In response to these various orders for bills of particulars the plaintiff up to January 26th had filed a bill of particulars, a second bill of particulars, a third bill of particulars and an appendix to a third bill of particulars.

After the appendix to the third bill of particulars was filed the defendants again complained and made a motion to dismiss the indictment for failure of the Government to comply with the orders of the court. This court was of the view that the record was such at that time that it would not then warrant a dismissal of the case.

The condition of the record is such now, with the various documents thus filed by the Government in response to the defendants' motions and the court's orders that it is practically impossible for anyone to determine from the lengthy and confusing contradictory statements made in the various particulars filed by the Government just what the Government intended its response to be to the defendants' motions and the court's orders. That was shortly before the trial.

Accordingly, the court then required the plaintiff to file on the commencement on the day of the trial, January 31st, one document in which it would set forth its responses to all of the various demands and various orders of the court. That document with its appendices is about 100 pages long.

It appeared to do little more than to take pieces out of other documents that the Government had filed and to repeat them.

Thereupon the defendants all joined in a notice of motion and the motion to suppress the evidence on the ground that the Government had failed to comply with the orders of this court requiring it to furnish the particulars set forth in the various defendants' motions and the

court's orders, and on one other ground which I will advert to later.

The defendants also filed the motion to dismiss on other grounds, which I will advert to later.

The matters were fully argued February 7th, and the parties filed memoranda in support of their motions.

The court has now had an opportunity to study and examine not only the points and authorities cited in support of the parties' motions but also to make such a detailed study of the consolidated bill of particulars that with the aid of the paste pot, a clipper, and scissors I have now been able to divide them into two bill of particulars, one relating to Count 2 and one relating to Count 1.

While the motion is to quash all the evidence relating to both Counts 1 and 2 for failure to comply with the request of an order of bill of particulars, the court will consider them separately and will take up the consolidated bill of particulars with relation to Count 2 first.

The particulars which the defendants contend the Government has not supplied are those described in the defendants' original motion and in various orders made as to 2(a), 2(b), 3(f), 3(g) and 8(f). I will advert to other particulars, however, in considering them.

An examination and careful study of the bill of particulars furnished by the Government in the consolidated bill of particulars on Count 2 discloses a gross inadequacy of response to the defendants' motions and the court's orders granting them.

2(a), the demand and the order was with respect to paragraphs 6 and 15 of the indictment. 6 related to Count 1, but 15 related to the second count, and therefore it becomes important.

It says: "State separately for each count (i) the date when the alleged combination, conspiracy was formed, (ii) the place where it was formed, (iii) the date when each defendant and each co-conspirator joined the alleged combination and conspiracy, and (iv) the periods of time which it is claimed

each defendant each (v) co-conspirator remained therein."

And with respect to paragraphs 6 and 15 of the indictment· the demand in

2(b) says: "In the alternative, if Plaintiff asserts that it does not know the date when the alleged combination and conspiracy was formed, state separately for each count the date of the earliest act by each defendant known to Plaintiff, which Plaintiff asserts constituted the formation of, or a part of the formation of, or an act in furtherance of the conspiracy, and state the periods of time for which Plaintiff claims each defendant and each co-conspirator remained a party thereto."

And skipping for a moment the intervening pages that relate to Count 1 and coming down to page 11 where it is headed "COUNT TWO," this is in response to 2(a) and 2(b). The particular states:

"The earliest act by each defendant known to plaintiff which plaintiff asserts constituted the formation of, or an act in furtherance of the (Count II) conspiracy, as to each defendant is identified in Appendix C."

And also this relates to another answer to another paragraph,

But as to Count II, the answer is: "The earliest act by each defendant known to plaintiff which plaintiff asserts constituted the formation of, or an act in furtherance of the (Count II) conspiracy as to each defendant" was identified in the paragraph or paragraphs of the Government's third bill of particulars, pages 9 to 14, pages 19 to 24 of this bill.

So we first go back to pages 75 and 77 for information as to what is the earliest act by each defendant known to plaintiff which plaintiff asserts constituted the formation of, or act in furtherance of (Count II) of the conspiracy as to each defendant is identified in Appendix C.

The defendants who remain in the case are entitled to know the particulars ordered by the court concerning the defendants who are not presently in the case on Count II as well as those who remain.

I shall now analyze the particulars relating only to the defendants who are still in the case on Count II. Having reference to the Government's response to the court's order to furnish defendants' request of demand 2(a) and 2(b) we find the earliest date known to the Government which the Government asserts constituted the formation of or an act in furtherance of the conspiracy as to the defendant Armco is set forth on page 76 of the bill of particulars and is asserted to be paragraph 4 or 17 or 18 or 20 of the Government's response to 2(c). We then have to revert back to page 19.

In paragraph 4 and in paragraph 17 it is stated that "In or about November 1963, the exact date and place being unknown to the Government," conversations were had by Losk of Monarch, according to paragraph 4, with James McFadden of Armco, and according to paragraph 17 conversations were had with Losk of Monarch with one Charles Rocheville of Armco, and in paragraph 18 "In or about November 1963" assurances were given by Mr. McFadden of Armco that Harbison-Fischer, another defendant, would go along with the increased prices published in the United States.

Now in fixing the date "In or about November 1963," that would be a sufficient time, but the difficulty is that the defendant must choose whether or not the earliest act is the conversation of Losk with McFadden, or the one with Rocheville, or was the assurance that Armco gave to Harbison-Fischer as set forth in paragraph 18.

And furthermore it is set forth in paragraph 20, to which it is adverted as the earliest date known to the Government, that during 1963, sometime during 1963, Losk had individual conversations (plural) with McFadden.

So the defendant Armco then—and all the other defendants who are entitled to know as much as Armco does in order to defend—are faced with the alternative of themselves choosing one of four different acts, three of which are identified to be in November and the other sometime, or

others—I don't know how many others, it is not specified, during 1963.

It seems strange that the Government says in paragraph 20 that it does not know the dates in 1963 because that is in contradiction of paragraph 4 which says that on or about November 1963 Losk had a conversation with McFadden, and I presume it is the same McFadden named in both paragraph 4 and paragraph 20.

We come now to Walter O'Bannon and Dover Corporation.

Here again the Government says the earliest date it has set forth is either in paragraph 14 or paragraph 15, and here the Government says in one paragraph, "During 1963, the exact dates and places being unknown to the Government," Losk had a conversation with Mr. Bender of O'Bannon, and in the other paragraph that in or about late 1963 Losk had a conversation with Phil Bradley and Walter O'Bannon, Jr. of the O'Bannon Company, being stated in the alternative, as it is as to Armco, which leaves both defendants Dover and O'Bannon in a position where they cannot know whether it is the conversation with Bender or with Bradley and O'Bannon that they must defend against or prepare to, nor which ones, if there were more than one.

We come now to Dresser Industries, and the Government says that the earliest act known to the Government which Dresser Industries did to constitute the formation or do an act in furtherance of the conspiracy is to be found in paragraphs 19 or 22 or 23 or 24 or 25 or 26.

Paragraph 19 states that "In or about December 1963" certain of the other defendants in this case sent notices of their price increases, their published prices, to the Pacific Pumps Division of Dresser Industries. That is, other defendants sent notices to Dresser; it is not an act by Dresser.

Paragraph 22 says that in December 1963 Monarch distributed a notice of its price increase to Dresser.

Paragraph 23, paragraph 24 and paragraph 25 likewise allege that in December 1963 certain other defendants, individuals in each one, sent a notice of their price increase to Dresser. None of these are acts by Dresser, and yet they are asserted to be acts which constitute an act by Dresser as to the earliest act known to the Government which constituted an act in the formation or the furtherance of the conspiracy.

Paragraph 26 does state an act by Dresser in that it states that Dresser sent its notice of price increase to four of the other defendants.

But here, as with the others, it is impossible for the defendants to know which of these six different acts constituted the earliest act as required by the order, so that likewise Dresser is unable to defend against the particular conduct or prepare for its defense because it does not know what act it is supposed to have done which constituted the earliest act in the formation or in the furtherance of the conspiracy.

Moreover, by the terms being in the alternative between paragraph 19, which is the one that says others, Monarch, Armco, U. S. Industries, Youngstown, Harbison-Fischer, O'Bannon, Bradford and Sargent sent notices to Dresser, so it is contradictory when in connection with the other paragraphs the same notices are being mentioned as being the first act by one individual. In other words, the answer to the order for a particular is simply not given.

We come now to United States Steel, and here again there is the same fault with reference to paragraph 7 alleging during 1963 Losk had a conversation with Grubbs of United States Steel, and paragraph 16 alleging again during 1963 Losk had a conversation with Rocheville of United States Steel.

Not only is the particular faulty in stating it was merely during 1963, but there are also faults for the same reasons as I have discussed with the previous defendants.

And what has been said concerning the previous defendants is likewise true concerning The Youngstown Sheet and Tube Company wherein it is alleged that the

particulars are to be found in paragraphs 20 or 21 or 24 or 25 or 26 or 27, and what is said concerning Dresser is particularly applicable concerning Youngstown because they are the same type of acts.

The whole matter is further confused by the plaintiff's response to demand 2(c). Now 2(c), the demand states: "State separately for each count every act and every statement of each defendant and each co-conspirator by which it is alleged to have formed or joined or participated in the combination and conspiracy, the date thereof, the places where the same were performed and the persons present thereat."

Now the response to that bill of particulars is headed, with respect to paragraph 6—well, if you are trying to follow me I can't give you the page number—but in any event it says that with respect to paragraph 6 of the indictment (Count 1), then it says "each defendant," and continues: "The earliest act by each defendant known to plaintiff which plaintiff asserts constituted the formation of, or an act in furtherance of the (Count 1) conspiracy, was the meeting held in the offices of the Fluid Packed Division of Armco Steel Corporation on or about January or February 1960, the exact date being unknown to the plaintiff. This meeting, including the names of all persons known to be present and all defendants known to have attended, as well as the known subject matter of the meeting, is set forth fully below in paragraph 1 under demands 2(c) and 2(d)."

Paragraph 1 under demand 2(c) is the paragraph reading as follows: "The Government will rely on the statements of each defendant and each co-conspirator contained in the documents produced pursuant to court order of November 15, 1965, and listed in Appendix B to show how the conspiracy was formed or joined or participated in by the defendants and co-conspirators, as well as the dates thereof and the places where the same were performed and the persons present thereat."

This again creates a further confusion because this limits it to documents that are set forth—there are numerous documents set forth as to each defendant, they are on a separate page and all of the documents are identified by exhibit number and subsequently the exhibits are identified by a description of them—but this then creates a still further contradiction because what has been asked before was the earliest act known which was in furtherance of the conspiracy or which formed the conspiracy, and this says that these documents show how the conspiracy was formed and not the acts which have been described and are set forth on pages 76 and 77 which I have related.

Now, I will go further and assert here that while the subject is fully set forth in the paragraph under Demands 2(c) and 2(d), under 2(d) it says:

"State separately for each count, the name, address and capacity of each individual through whom each defendant and each co-conspirator is claimed to have formed, joined or participated in the alleged combination and conspiracy."

Now, the answer says:

"Where no dates are shown, the Government believes that the person listed held the position shown for the entire period of the conspiracy. When an ending date is shown, it means that the Government has information that the person changed jobs or employers on or about that date."

But it gives a list of names and it gives their position with the particular company. It would appear to me unless it weren't for the other matters which I have adverted to and will hereafter advert to that the response to Demand 2(d) would have been considered sufficient.

On page 44 of the bill of particulars there is a Demand No. 8(f), 8(g) and 8(i). The defendants assert that 8(f) and (g) are not properly supplied. This statement which it has set forth as a response to 8(f) and (g), and (i) is identical in effect with the statement that they set forth in response to 2(c) and is just as confusing and non-responsive as

the ones that I have heretofore adverted to.

We come now to Armco's demand for a bill of particulars. I have particular reference to Armco's Demand No. 3. It is to be found on page 54, if any of you are interested in it, of the Government's consolidated bill of particulars. The demand reads:

"With respect to paragraph 16, which is the charging paragraph of Count 2 of the indictment, state whether it is claimed that the combination and conspiracy had terms other than that identified as the substantial term."

The answer to that as given is as follows:

"The Government does not propose to rely upon proof of any other terms than that identified as the substantial term in paragraph 16, Count 2 of the indictment."

This response of the Government's is contrary to the opening statement of counsel for the Government wherein for the first time, in spite of five opportunities to disclose what the Government contended was its theory of the case, the Government stated that the terms of the agreement—and by term I do not mean the measure of time but, rather, substance—the terms, that is, the substance of the agreement was that Monarch would first publish its price increases and the others would follow. This is a substantial departure not only from anything contained in any of the previous documents filed by the Government but as indicated is directly contrary to the Government's response to Armco's demand No. 3 which I have just read.

■ It is unnecessary for me, I think, to allude or to cite certainly the many cases referring to the purpose of bills of particulars and the resulting limitations on evidence. I think it can generally be said that the purpose of a bill of particulars is largely to advise the defendant of what facts more or less in detail he will be required to meet.

Thereafter during the trial of the case the court will limit the Government in its evidence to those facts set forth in the bill of particulars, and when a bill has been furnished the Government is strictly limited to what is specified. That is, the Government limits the scope of the Government's proof at the trial.

■ A bill of particulars once obtained concludes the right of all of the parties that are to be affected by it. And he who has furnished the bill of particulars under it must be confined to the particulars he has specified as closely and effectively as if they constituted essential allegations in a special declaration.

Otherwise stated, a bill of particulars strictly limits the prosecution to proof within the area of the bill.

Ordinarily such failures are met at the trial when certain evidence is offered which has not been particularized in response to a demand or an order of the court or which is contrary to a bill of particulars.

But the defendants appear to be of the view that the failure to furnish the particulars ordered go to such critical matters that the court is warranted in quashing all the evidence in the case.

In support of that position they cite the United States v. Apex Distributing Company case decided by the Ninth Circuit in 1959. All of you have the citation. It is in 270 F.2d 747.

The Court of Appeals there approved the dismissal of a criminal indictment for failure of the United States—well, it is for a failure to prosecute after the United States Attorney had refused to respond to orders of the court to produce statements of witnesses for inspection.

To me there isn't any logic or reason for drawing any difference or distinction between such conduct and conduct in this case, particularly where the court as here has given the Government five different opportunities to set forth its particulars in an intelligent and understandable fashion.

The result is such contradiction, confusion and obscurity of fact in the docu-

ments as filed by the Government as to Count 2 as to amount to just as much a denial of the particulars ordered as those which were flatly refused by the U. S. Attorney in the Apex case.

The matters covered by the particulars which the Government has failed to answer are so vital to the defendants' rights to be advised in order to be able to know what to defend against, and the Government's statement that a substantial substance of the conspiracy in its opening statement are so at variance with the response of the Government to Armco's demand that the court feels it must sustain an objection to the introduction of any evidence in the case, but will do so as to Count 2 only after the jury has been brought down and the first witness is sworn.