Ernest L. Signorelli, J.
The defendant originally made a motion, returnable on the 13th day of February, 1970, for an *776 order directing the District Attorney to furnish the defendant with a bill of particulars, and more specifically: “ setting forth the .specific date when it will be claimed the defendant committed the acts alleged in the indictment, and if the acts were committed on more than one day, setting forth each date ’ There was no opposition to this motion by the People, and the court, accordingly, granted the defendant’s application by order date,d March 17,1970.
The People having failed to comply with the aforesaid order, the defendant then moved this court for an order of preclusion. The People, in opposing this application, filed a brief affidavit setting forth that it would be impossible to .supply the defendant with the exact date of the crime. The affidavit failed to specify with greater particularity the facts and circumstances leading to the alleged commission of the crimes charged, and further neglected to spell out the reasons for the People’s inability to provide the defendant with this information.
The court (65 Misc 2d 755) granted the defendant’s application for an order to preclude the People, conditioned, however, upon the District Attorney’s furnishing the particulars requested within 30 days prior to the date of the trial, and upon the People’s failure to do so, they would be precluded from offering any evidence at the trial with reference to dates concerning the commission of the crimes charged.
The People now bring on the instant application for an order granting reargument of the aforesaid motion to preclude, and in support thereof, have now, for the first time, provided the court with an affidavit setting forth the facts and circumstances surrounding the commission of the alleged crimes in the indictment, and the reasons for the inability of the District Attorney to provide the defendant with the exact date when the crimes charged in the indictment were committed.
The indictment in question consists of 12 counts of forgery in the second degree, and 12 counts of tampering with public records in the first degree. More specifically, this defendant is accused of having tampered with certain public records in the County Clerk’s office wherein chattel mortgages, conditional sale agreements and liens are filed. The defendant is alleged to have forged and/or tampered with these records in that he unlawfully marked certain liens and encumbrances as being “ satisfied ”.
It is the People’s position that these criminal acts on the part of the defendant took place sometime between the 25th day of February, 1969, when the defendant presumably was observed to be in the Clerk’s office, and on or before the 6th day *777 of March, 1969, at which time the Deputy Clerk of the County Clerk’s office first discovered that the afore-mentioned records had been tampered with. In addition to the testimony of the said Deputy Clerk, the People alleged that they are prepared to offer the testimony of a handwriting expert who will testify that the entries made marking the liens “ satisfied” is in the handwriting of the defendant. In effect, the People maintain that the defendant’s guilt must, of necessity, be established by circumstantial evidence since no one actually observed him commit the acts in question.
The defendant, on the other hand, contends that this information is of great importance to him, and is, therefore, essential to his defense. The defendant is asserting the defense of alibi, and maintains that he was, at the time of the alleged commission of these crimes, residing in the City of Cincinnati, Ohio. The District Attorney, pursuant to the provisions contained in section 295-1 of the Code of Criminal Procedure, has requested that the defendant provide him with a bill of particulars containing the names and addresses of witnesses the defendant expects to rely upon in support of his alibi defense. The defendant’s failure to comply with the request could result in an order precluding him from offering the testimony of witnesses in support of his alibi defense.
The court is sympathetic with the plight of the People in its present inability to provide the exact dates of the crimes charged, and the resulting difficulty of the defendant in supplying the District Attorney with the names and addresses of witnesses in support of his alibi defense. No one can question the good faith of the parties herein, and the disadvantage is undoubtedly mutual. The court is, therefore, compelled to resolve this dilemma by affording equal tolerance.
The relevant provisions of the Code of Criminal Procedure with regard to bills of particulars are contained in the following sections:
Section 295-g of Code of Criminal Procedure reads as follows:
1 ‘ Upon the arraignment of the defendant, or at any later stage of the proceedings, the court shall, at the request of the defendant, direct the district attorney to file a bill of particulars of the crime charged.”
Section 295-h of Code of Criminal Procedure reads as follows:
‘ ‘ The bill of particulars must contain :
1 ‘ 1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties;
*778 “ 2. A .statement, in ordinary language, without stating items of evidence or necessarily setting forth all the elements of the crime, of such particulars as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged.”
Section 280 of Code of Criminal Procedure reads as follows:
“ The precise time at which the crime was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the crime.”
Long before the foregoing legislation was enacted, the courts had granted applications for bills of particulars to avoid surprise at the trial and to further the interests of justice. (Tilton v. Beecher, 59 N. Y. 176.) It is most important that both parties are dealt with fairly and a bill of particulars is intended to afford a defendant a fair opportunity to prepare his defense. (People v. Moskowitz, 119 Misc. 837.)
The District Attorney having now supplied the court with a proper affidavit containig a more complete set of facts, and having further delivered to the court a transcript of the Grand Jury testimony, which the court has examined in camera, the application for leave to reargue is hereby granted.
The court’s decision and order dated March 17,1970, granting to the defendant his application for a bill of particulars and directing the District Attorney to supply him with the exact dates of the crimes charged in the indictment, as well as the court’s decision and order dated December 7, 1970, precluding the People because of its failure to provide the said information, are hereby ordered recalled, and in lieu thereof, the court decides as f ollows:
The defendant’s application for a bill of particulars requesting that the District Attorney furnish him with the exact dates of the commission of the crimes charged in the indictment is hereby denied; it being further stipulated, however, that if the District Attorney should subsequently obtain the necessary information which would enable him to comply therewith, he is then directed by the court to forthwith supply the same to the defendant.
The court further decides that, for the reasons as hereinabove stated, and in the interest of justice, the defendant is relieved of his obligation to provide the District Attorney with the required bill of particulars as set forth in section 295-1 of the Code of Criminal Procedure, unless and until he is provided with a more precise date as to the commission of the alleged acts. (People v. Moskowitz, 119 Misc. 837.)