**UNITED STATES of America,
Plaintiff,**

v.

**Harvey Bertram POLLAK, Defendant.**

**No. 71 Cr. 561.**

United States District Court,
S. D. New York.

Oct. 16, 1973.

Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., by John J. Tigue, Jr., Asst. U. S. Atty., for plaintiff.

Arthur S. Olick of Kreindler, Relkin, Olick & Goldberg, New York City, for defendant.

## OPINION

EDELSTEIN, Chief Judge:

On May 21, 1971, the defendant was indicted for perjury. On May 12, 1972 he moved to dismiss the indictment, charging that the Government had failed to comply with the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases; his motion was denied. The defendant was tried and convicted on May 22, 1972, after his efforts to postpone the trial were unsuccessful. On appeal of this conviction, the Court of Appeals for the Second Circuit remanded to this Court for "further hearing on the motion to dismiss and specific findings on the issue whether there were 'exceptional circumstances' justifying 'periods of delay' within Second Circuit Rule 5(h)."[1] United States v. Pollak, 474 F.2d 828 (2d Cir. 1973). An evidentiary hearing was held on April 23, 1973. On the basis of evidence produced at that hearing, this Court must deny the defendant's motion to dismiss the indictment.

Neither party argues that this is a case involving such special circumstances as would justify a period of delay under Rule 5(h), and no evidence of special circumstances was presented at the hearing. Rather the issue is whether there were any "periods of delay" or, to rephrase the question, whether the Government was in fact ready on February 1, 1972 as required by Rule 4.[2]

---

1. Rule 5(h) provides:

5. In computing the time within which the government should be ready for trial under rules 3 and 4, the following periods should be excluded:

(h) Other periods of delay occasioned by exceptional circumstances.

2. Rule 4 provides:

4. In all cases the government must be ready for trial within six months from the date of the arrest, service of summons, detention, or the filing of a complaint or of a formal charge upon which the defendant is to be tried (other than a sealed indictment), which-

■ The defendant has raised three arguments in support of his motion to dismiss the indictment. He contends first that despite the filing of its "Notice of Readiness" on November 18, 1971, the Government was not ready for trial on that date. Defendant argues that the statement contained in the "Notice" did not signify actual readiness for trial. A similar argument was made before the Court of Appeals in United States v. Pacelli, 470 F.2d 67 (2d Cir. 1972) and its statement is dispositive of the issue. The Court of Appeals said:

> The government filed its notice of readiness on November 12, nine days before the six-month period allowed under the Second Circuit's Rules Regarding Prompt Disposition of Criminal Cases expired, requesting ten days notice of the trial date. The court correctly held that the speedy trial rules were not violated, since the government had timely declared its readiness and the ten-day notice requested by the government was not binding on the court. The court could have called the parties to trial without the ten-

day notice. United States v. Pacelli, 470 F.2d 67, 69.

■■ Secondly, the defendant argues that the Government could not be deemed ready for trial within the six month period of Rule 4 because it had not complied with the discovery order of July 30, 1971. This claim must be rejected because the evidence presented at the April 23, 1973 hearing shows that the Government had complied with the order. The court's discovery order, issued pursuant to Fed.R.Cr.P. 16,[3] required the Government to furnish defendant's attorneys with copies of certain documents. When read in conjunction with Rule 16, which authorizes the court to "order the attorney for the government to permit the defendant to inspect and copy," the pre-trial order required only that the Government make those documents available to defense counsel. The evidence shows that the Government had informed defendant's counsel that the documents in question were available for copying and inspection.[4] Defendant's counsel, al-

---

ever is earliest. If the government is not ready for trial within such time, or within the periods as extended by the district court for good cause under rule 5, and if the defendant is charged only with non-capital offenses, then, upon application of the defendant or upon motion of the district court, after opportunity for argument, the charge shall be dismissed.
This Rule, however, must be read in conjunction with Rule 5(a) which provides for the exclusion of

(a) The period of delay while proceedings concerning the defendant are pending, including but not limited to proceedings for the determination of competency and the period during which he is incompetent to stand trial, pre-trial motions, interlocutory appeals, trial of other charges, and the period during which such matters are sub judice.

The last pre-trial motion in this case was decided on July 30, 1971. Thus the six-month period expired on February 1, 1972.

3. Rule 16 provides as follows:
(a) *Defendant's Statements; Report of Examinations and Tests; Defendant's Grand Jury Testimony.* Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) writ-

ten or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, (2) results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and (3) recorded testimony of the defendant before a grand jury.

(b) *Other Books, Papers, Documents, Tangible Objects or Places.* Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable . . . .

4. Former Assistant United States Attorney Charles B. Updike testified that at the July 12, 1971 hearing on the motion for discovery

though aware of the availability of the documents, never attempted to make an inspection;[5] the defendant's efforts to make discovery were confined to a casual conversation with Assistant United States Attorney Updike and to a one-paragraph remainder about the discovery order in a letter to Mr. Updike.[6] Neither of these efforts constitutes an attempt to make an inspection, and there is no evidence that the Government attempted to frustrate defendant's efforts to make discovery within the scope of the order. Moreover, as the Court of Appeals noted, had the Government failed to comply with the order, Fed.R. Cr.P. 16(g)[7] provides defendant with a remedy.

▋ Finally, the defendant argues that the Government's failure to provide the bill of particulars required by the July 30, 1971 order prevents the Government from being deemed ready for trial within the six-month period of Rule 4.[8] This claim must also be rejected. As the Court of Appeals noted, other remedies to compel compliance by the Government were available to the defendant. When confronted with the Government's failure to obey the lawful order of the court, the defense could, for example, have moved for dismissal under Fed.R. Cr.P. 48(b),[9] for exclusion of evidence as to any matter covered by the ordered bill of particulars,[10] or for an order to show cause why the Government should not be held in contempt.[11] The defense did none of these things. Defendant has shown no valid reason to construe Rule 4 so as to provide an additional remedy to facilitate discovery. In light of these considerations, this court cannot say that Rule 4 requires a holding that the Government was unready merely because it did not supply the bill of particulars before the expiration of the six-month period of Rule 4.

Defendant's motion to dismiss the indictment is denied.

So ordered.

and inspection he stated that the documents were available for inspection and copying. (Transcript of April 23, 1973 hearing [hereinafter referred to as Tr.] 6) The transcript of that hearing, introduced into evidence at the April 23, 1973 hearing, confirms Mr. Updike's testimony.

5. Mr. Updike testified that no one representing Mr. Pollak ever asked to inspect the documents. (Tr. 6)

6. Defense counsel, Arthur S. Olick, testified that in early 1972 he had a "fortuitous meeting" with Mr. Updike in the halls of the Court House and mentioned the outstanding discovery order to him. (Tr. 66) He also testified that on November 26, 1971, he wrote to Mr. Updike to inform him that the defendant planned to leave the jurisdiction on a business trip and to remind him that he had not complied with the discovery order. (Tr. 86 and Gov. Ex. 2).

7. Fed.R.Cr.P. 16(g) provides:
   . . . If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances.

8. The Government provided the bill of particulars on May 11, 1972. (Tr. 31 and Gov. Ex. 4).

9. In United States v. Apex Distributing Co., 270 F.2d 747 (9th Cir. 1959), the court suggested that the Government's refusal to comply with a pre-trial discovery order would be "unnecessary delay" and so be grounds for dismissal under Rule 48. Rule 48(b) provides for dismissal by the court "if there has been unnecessary delay in bringing a defendant to trial."

10. In United States v. Armco, 255 F.Supp. 841 (S.D.Cal.1966), the court held that it would sustain an objection to evidence introduced in proof of matters which were to have been contained in a bill of particulars ordered by the court but not provided by the Government because the bill was vital to defendant's right to be advised.

11. 18 U.S.C. § 401 (1970) provides that:
   A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—
   (3) Disobedience or resistence to its lawful writ, process, order, rule, decree, or command.