■ In the Matter of RICHARD KNEISER et al., Respondents, v BOARD OF EDUCATION OF THE PENN YAN CENTRAL SCHOOL DISTRICT, Appellant.—Judgment affirmed, without costs. All concur, Cardamone, J. P., Witmer and Moule, JJ., upon constraint of Matter of Doyle v Board of Educ. (77 AD2d 799). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD LESTER, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Trial court's denial of defendant's

motion for dismissal of his indictment pursuant to CPL 30.30 was error. It is uncontradicted that more than 11 months not attributable to defendant elapsed between the filing of the felony complaint on May 21, 1975 and the statement on the record by the People that they were ready for trial on August 3, 1976. Trial court held that the People had complied with the statutory requirement based on the prosecutor's unsubstantiated assertion that he had been ready for trial on October 31, 1975. This was improper. To establish readiness the prosecutor must submit to the hearing court "record proof of * * * contemporaneous communication of his readiness" *(People v Brothers,* 50 NY2d 413, 416, citing *People v Hamilton,* 46 NY2d 932, 933). In view of respondent's concession at argument that there was no record statement of readiness prior to August 3, 1976, a hearing would serve no purpose. We find appellant's moving papers sufficient. (Appeal from judgment of Monroe Supreme Court—criminal possession weapon, third degree.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.