THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
JAMES J. COLE, Respondent.

Third Department, December 2, 1982

APPEARANCES OF COUNSEL

*Charles J. Wilcox, District Attorney (Paul R. Engster* of
counsel), for appellant.

*James J. Brearton* for respondent.

### OPINION OF THE COURT

LEVINE, J.

This criminal action was commenced on November 20,
1980 when a felony complaint was filed against defendant.
Thereafter a Grand Jury handed up an indictment charg-
ing him with burglary in the third degree, criminal posses-

sion of stolen property in the third degree and petit larceny, and on February 3, 1981 defendant was arraigned on the indictment. On February 4, 1981 defendant made a demand for discovery (CPL 240.20), to which the People responded by a letter, dated March 19, 1981, consenting to provide certain of the demanded information and refusing the rest as being unauthorized under CPL article 240. On March 20, 1981 the People put a statement that they were ready for trial on the County Court's stenographic record and, three days later, sent a written notice of readiness to defendant. Defendant then filed omnibus motions, and on April 25, 1981 the court signed an order directing the People to provide a bill of particulars. On September 21, 1981, the bill was submitted, along with the materials previously requested in the demand for discovery. Defendant's subsequent motion to dismiss the indictment solely on the ground that the People had failed to comply with the readiness requirement of CPL 30.30 was granted following oral argument, and this appeal ensued.

■ Where, as here, a defendant is accused of a felony, CPL 30.30 requires that the People be ready for trial within six months of the commencement of the action, taking into account any statutorily excused delay. Defendant first contends that the People's readiness statement on the court's stenographic record, while certainly well within the six-month period, was inadequate to comply with the requirement that "the People must communicate readiness for trial to the court on the record" (*People v Hamilton,* 46 NY2d 932, 933). This is not a case where the People's only communication to the court was an affidavit or oral assertion made in response to the motion to dismiss clearly after the six-month period under CPL 30.30 had elapsed (*People v Brothers,* 50 NY2d 413; *People v Hamilton, supra; People v Lester,* 78 AD2d 579). It is also distinguishable from *People v Tamulewicz* (88 AD2d 698) in that here defendant conceded that the People's readiness statement was on the stenographic record of the official court reporter. Furthermore, the People sent an official notice of their readiness to defendant. In light of the fact that the County Judge was on assignment elsewhere in the State, there was little else the People could have done to commu-

nicate their readiness on the record. Therefore, we find that on March 20, 1981 the People fully and effectively communicated their "readiness for trial to the court on the record".

■ Defendant also contends that even if the prosecution's March 20 statement on the stenographic record was effective when given, the prosecution's inordinate delay in complying with discovery or furnishing the bill of particulars until September 21 is chargeable toward the six-month period of CPL 30.30. Regarding any claimed non-compliance with the demand for discovery, the statute requires only that the People "make available" certain materials to defense counsel "for inspection, photographing, copying or testing" (CPL 240.20, subd 1), not that the People physically deliver them to the defendant. The People's March 19, 1981 written response clearly informed defendant that the various requested items were available to him. There is absolutely no evidence that the People attempted in any way to frustrate efforts by defendant to inspect, copy or test these items; in fact, defendant did not even attempt to make an inspection. Moreover, if the People did not comply with the demand, defendant's remedy was either a court order under CPL 240.40 (subd 1) or one of the sanctions listed in CPL 240.70 (subd 1), i.e., a continuance, protective order, preclusion order or "any other appropriate action". For all the foregoing reasons, any objections defendant may have had, legitimate or otherwise, to the manner and timing of compliance with his discovery demand are unavailing for section 30.30 purposes (see *United States v Pollak,* 364 F Supp 1047, 1049-1050, affd 492 F2d 1237).

■ The People's failure to provide the bill of particulars until September 21, 1981 is also irrelevant on a CPL 30.30 motion. The clear and sole purpose of CPL 30.30 is to insure the People's readiness for trial within certain defined time limitations (*People v Brothers, supra,* pp 416-418). The prosecution's communication of readiness on the record establishes its commitment to proceed when the case is reached for trial. Failing to serve a bill of particulars is in no way inconsistent with the prosecution's continued readiness. If the People delay in serving a bill of

particulars ordered pursuant to CPL 200.90, a defendant has various judicial remedies available to compel compliance, including a motion for preclusion (*People v Lupia,* 65 Misc 2d 755, vacated on other grounds, 66 Misc 2d 775). Unreasonable delay in furnishing a bill of particulars may also be considered if it contributed to depriving a defendant of a speedy trial for purposes of CPL 30.20 (not raised here). However, defendant's remedies for such delay do not include charging those days of delay to a prosecutor who has already communicated his readiness for trial under CPL 30.30 (see *United States v Pollak, supra,* p 1050). True, if the prosecution had not yet communicated its readiness for trial, the delay in furnishing the bill of particulars would be chargeable to the prosecution's six-month statutory period under CPL 30.30 (*People v Rivera,* 72 AD2d 922). Here, however, the prosecution had formally expressed its readiness for trial and was thus committed to being available without further delay if defendant had elected to waive any statutory stay (CPL 200.90) and proceed to trial without the bill of particulars (cf. *People v Zvonik,* 40 AD2d 840). This is all that section 30.30 requires. Since we have concluded that the delay in serving a bill of particulars is not chargeable under CPL 30.30 after a prosecutor has effectively communicated readiness, and since apart from that delay in the instant case there is no arguable violation of that section, County Court erred in dismissing the indictment.

The order should be reversed, on the law and the facts, the indictment reinstated, and the matter remitted for trial.

MAHONEY, P. J., KANE, CASEY and MIKOLL, JJ., concur.

Order reversed, on the law and the facts, indictment reinstated, and matter remitted for trial.