■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MILLER, Appellant.—Judgment affirmed. Memorandum: On this record we cannot determine whether defendant would have been successful if his counsel had made a speedy trial motion *(see,* CPL 30.30). Defendant's claim of ineffective assistance of counsel, because of defense counsel's failure to make a motion to dismiss the indictment for noncompliance with the statutory speedy trial requirement, may properly be the subject of a motion pursuant to CPL 440.10 (1) (h) *(see, People v Williams,* 140 AD2d 969).

All concur, except Callahan, J. P., who dissents and votes to reverse and dismiss the indictment in the following memorandum.

Callahan, J. P., (dissenting). Upon my review of this record, I conclude that the failure of defendant's attorney to move for dismissal on statutory speedy trial grounds (CPL 30.30) abridged defendant's right to effective assistance of counsel.

In order to demonstrate readiness for trial, the People must communicate their readiness to the court on the record *(People v Brothers,* 50 NY2d 413, 416; *People v Hamilton,* 46 NY2d 932, 933). There is no evidence here that the People ever communicated their readiness to the court. The mere service of a written notice upon defendant's attorney indicating that the People are ready for trial was insufficient to comply with the requirement that there be record proof of the People's contemporaneous communication of their readiness *(see, People v Brothers, supra,* at 416; *People v Hamilton, supra,* at 933; *People v Lester,* 78 AD2d 579). Thus, over one year elapsed between the time this criminal proceeding commenced until its final disposition without the People ever announcing on the record that they were ready for trial. The failure of

defendant's court-assigned counsel to make a motion to dismiss the indictment for noncompliance with the statutory speedy trial requirement resulted in the waiver of a meritorious and dispositive objection that was sufficiently egregious, without more, to constitute a denial of defendant's right to meaningful representation *(see, People v O'Connell,* 133 AD2d 970; *see also,* US Const 6th Amend; NY Const, art I, § 6; *People v Wiley,* 120 AD2d 66). (Appeal from judgment of Orleans County Court, Miles, J.—petit larceny and issuing a bad check.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.