■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MARSHALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered September 7, 1988, convicting him of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the prosecutor's failure to disclose certain alleged exculpatory information violated the rule enunciated in *Brady v Maryland* (373 US 83). The information requested consisted of the source of a hearsay statement linking the complainant to drug dealing. This information was in no way exculpatory and, even assuming that it was true, there was no reasonable possibility that the failure to disclose the information contributed to the verdict *(cf., People v Vilardi,* 76 NY2d 67). We also disagree with the defendant's further claim that the prosecutor's delay in giving him a police report which allegedly contained exculpatory *Brady* material constituted a violation of the People's obligation under CPL 30.30 to be ready for trial within six months of commencement of the criminal proceeding. Since there was no evidence that the delay affected the People's declaration of readiness, there was no basis for relief pursuant to that provision *(see, People v McKenna,* 76 NY2d 59; *People v Heller,* 120 AD2d 612; *People v Cole,* 90 AD2d 27).

Further, the trial court properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's proposed in-court identification testimony. Since the complainant knew the defendant, the alleged suggestiveness of the photo array viewed by the complainant would not preclude his in-court identification of the defendant *(see, People v Gissendanner,* 48 NY2d 543, 552).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to without merit. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.