OPINION OF THE COURT
Daniel K. Lalor, J.
Defendant is charged with two counts of operating a motor vehicle while under the influence of alcohol as a felony in *964 violation of Vehicle and Traffic Law § 1192 and one count of aggravated unlicensed operation of a motor vehicle in the first degree in violation of Vehicle and Traffic Law § 511 (3). Defendant submits an omnibus motion addressed to the indictment.
SPEEDY TRIAL
Defendant moves to dismiss for denial of his right to a speedy trial pursuant to CPL 30.30.
A motion to dismiss an indictment charging a felony must be granted where the People are not ready for trial within a period of six months from the commencement of the action, as extended by any periods excludable by law (CPL 30.30 [1] [a]). The readiness requirement of CPL 30.30 encompasses two elements. "First, there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record”. (People v Kendzia, 64 NY2d 331, 337.) If the prosecutor’s statement of readiness in open court is made without defense counsel present, the prosecutor must "promptly notify him of the statement of readiness” (People v Kendzia, supra, at 337, n; see, People v Cole, 90 AD2d 27). Second, "the prosecutor must make his statement of readiness when the People are in fact ready to proceed. The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness.” (Supra, at 337.)
In this case giving the People the benefit of the Christmas Day holiday, the six-month statutory period extended from the date of defendant’s arrest on June 25,1991 until December 26, 1991, a period of 184 days. The defendant was indicted on November 21, 1991 and on the same day the indictment, with a "statement of readiness” attached, was reported to and filed with the court. This was 149 days after commencement of the action. Defendant was arraigned on the indictment with counsel on January 14, 1992. On the record at arraignment the defendant was furnished a copy of the indictment with attachments, and the People announced their readiness for trial. This was 203 days after commencement of the action. The People claim they effectively communicated readiness for trial both when the indictment was reported to the court and at *965 arraignment. Defendant contends these attempted communications were ineffective or late, respectively. Assuming the People were in fact ready for trial, then if the People effectively communicated readiness when the indictment was filed, defendant’s motion must be denied. If they did not effectively communicate readiness until arraignment, the indictment must be dismissed unless the People demonstrate 19 excludable days. The court will consider the People’s second communication first.
The People’s announcement of readiness at arraignment was effective but late.
The People argue that, since the court controls the scheduling of arraignment dates, the People should not be charged with the delay in the event the court schedules arraignment more than six months after commencement of the action. The Court of Appeals however has held that, "[d]clays between indictment and the arraignment, like other court congestion, do not prevent the People from being ready for trial.” (People v Correa, 77 NY2d 930, 931.) The People concede and in fact urge that from this holding, "it follows a fortiori that the People may be ready on a felony indictment before the arraignment.” If this be true, it follows also that the event of arraignment is irrelevant to the People’s independent obligation to affirmatively communicate readiness on the record within six months (People v Kendzia, supra, at 337; People v Hamilton, 46 NY2d 932, 933). Thus, the question of which office schedules arraignments is also irrelevant. Evidently, that a defendant has not yet been arraigned neither prevents the People from being ready, nor does it prevent them from communicating their readiness. Accordingly, if the People choose to await arraignment to announce their readiness and arraignment does not occur until more than six months after commencement of the action, the People cannot claim as excludable the period between indictment and arraignment. Furthermore, since what is required is a contemporaneous communication of present readiness, a "subsequent assurance of prior readiness” is not sufficient (People v Kendzia, supra, at 337, citing People v Brothers, 50 NY2d 413, 416). The People’s announcement of readiness at arraignment was 19 days late, and no other excludable periods have been shown. Thus, the motion must be granted unless there was an earlier communication of readiness which was effective within the statutory period.
*966 The People’s attempt to communicate readiness by attaching a statement of readiness to the indictment when filed was timely, but ineffective.
People v Kendzia (supra) set forth two methods of communication which satisfy the notice requirement of CPL 30.30. The first applies where all parties are present before the court. There, the People need simply state for the record their readiness for trial. The second method clearly is tailored for those situations where there is no appearance in the case scheduled within the time remaining for the People to announce readiness. This method requires "a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record”. (People v Kendzia, supra, at 337.)
The claimed readiness communication of November 21, 1991 is deficient with respect to the requirement of notice to the defense. As a written communication it fails because there has been no showing that a copy was contemporaneously sent to defense counsel.[1] As an in-court announcement it fails because defense counsel was not present in court at the time the indictment was reported, and there has been no showing that notice of this readiness communication was promptly communicated to defense counsel.[2]
*967 Based on the foregoing analysis there was no effective communication of readiness within the statutory period. The motion is accordingly hereby granted and the indictment dismissed. In view of the result reached the court does not address any other issues raised by the omnibus motion.

. In oral argument the District Attorney asserted that it is the practice of the Public Defender’s office to obtain copies of all indictments with attachments from his office or the court clerk immediately after they are filed. Given the People’s affirmative obligation to establish readiness on the record, however, this is not sufficient.

. One variation of the in-court communication method is possible. If an in-court statement of readiness was made, and if the defendant was thereafter "promptly notified” of that statement, then Kendzia (supra) holds that under People v Cole (90 AD2d 27, supra), readiness was "effectively communicated” when placed upon the record, even though the defense was not then present. (Cole held effective a statement to the court, stenographically recorded in the County Judge’s absence, which was followed three days later by a written notice sent to defendant.) Kendzia does not specify in this situation by what means notice of the statement must be communicated to defense counsel, stating only that it must be given "promptly.” In this case the People’s affirmation states only that, "the People communicated their readiness on the record of the Court by a written ready notice attached to the indictment upon return of the indictment on November 21, 1991.” What is required to render this communication effective under the in-court method is not that a copy of the readiness statement be sent, but that defense counsel be promptly informed that the People communicated their readiness for trial in open court on a given date. There has been no argument that anything of this sort occurred here.