OPINION OF THE COURT
Steven W. Forrest, J.
This matter is before the court on a motion by the People to reduce the charge of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), an E felony, to a charge of criminal trespass in the second degree (Penal Law § 140.15), an A misdemeanor. In addition, defense counsel has filed a motion to dismiss the aforesaid charge contained in the felony *422 complaint for violation of the defendant’s statutory speedy trial rights (CPL 30.30 [1]).
The People have filed a written response to defendant’s motion, with a supporting affidavit and attachments.
Defendant was charged with attempted burglary in the third degree (Penal Law §§ 110.00, 140.20) via a felony complaint and possession of burglar’s tools (Penal Law § 140.35) via a misdemeanor information dated December 16, 2001 and filed on December 17, 2001. Defendant was arraigned on December 17, 2001 by Elmira City Court Judge Thomas E. Ramich, the Chemung County Public Defender’s Office was assigned, and this matter was transferred to Elmira City Court Judge Steven W. Forrest. Defendant and counsel appeared in court on December 18, 2001, January 29, 2002 and March 12, 2002, and on April 16, 2002, the People proposed a resolution of the charges that would include a written motion to reduce the felony charge to a misdemeanor. The proposed resolution summarily was rejected by defendant.
Defendant and counsel appeared in court on May 21, 2002 and, on May 28, 2002, the People filed a written motion to reduce the felony charge to a misdemeanor. When defendant and counsel next appeared in court on June 25, 2002, they opposed the motion to reduce and the instant motion to dismiss was filed in Elmira City Court on July 29, 2002.*
The court further notes that the People filed on February 27, 2003 a second motion to reduce the class E felony to a class A misdemeanor as hereinbefore specified. The defense motion to dismiss was refiled on March 18, 2003, the parties appeared in court on April 2, 2003 and, on April 22, 2003, the People’s responses in opposition to the instant motion to dismiss were received at the bench. On May 13, 2003, counsel for both parties stipulated on the record to proceed via submission and without a hearing.
*423 The People contend that on May 27, 2002 the written statement of readiness and motion to reduce was sent to defense counsel and to the court via facsimile transmission. Defense counsel, however, contend that they did not receive the written statement of readiness and motion to reduce until personally served in court on June 25, 2002. It is further contended that more than 180 days have elapsed between the commencement of the criminal action (Dec. 17, 2001) and the date of the service of the statement of readiness (June 25, 2002).
At issue is whether the aforesaid statement of readiness was ever communicated by the People to the defendant in a timely fashion.
The law is clear that speedy trial pursuant to CPL 30.30 begins to be counted from the filing of the first accusatory instrument (CPL 1.20 [17]; People v Osgood, 52 NY2d 37 [1980]). Therefore, the starting point in this case is December 17, 2001, the date the original accusatory instrument was filed.
CPL 30.30 (1) (a) requires that the People be ready for trial within 180 days when the defendant is charged with a felony, as in the instant case.
It is also evident that the filing of the felony complaint on December 17, 2001, and a statement of readiness and motion to reduce on May 28, 2002 in the absence of defendant, did not, alone, constitute an effective statement of readiness. The People were required to promptly notify the defendant of their statement of readiness. (See People v Williams, Chemung County Ct, Feb. 26, 2001, Buckley, J., Indictment No. 2000-403, slip op at *4; People v Kendzia, 64 NY2d 331, 337 [1985]; People v Cole, 90 AD2d 27 [3d Dept 1982]; People v Carter, 91 NY2d 795 [1998]; People v Cenat, 176 Misc 2d 39 [Crim Ct, Kings County 1997]; People v Diener, 153 Misc 2d 963 [Greene County Ct 1992]; People v Todd, 184 Misc 2d 381 [Crim Ct, Kings County 2000].)
It is equally evident that once defendant has shown the existence of a delay greater than the time allowed by statute (i.e., 180 days), the burden of proving that certain periods within that time should be excluded falls upon the People. (See People v Berkowitz, 50 NY2d 333 [1980].)
In the instant case, the court finds in the first instance that the defendant sufficiently has shown the existence of a delay greater than the time allowed by statute. The time period between the date of the filing of the accusatory instrument (Dec. 17, 2001) and the date the defendant claims personal service in *424 court of the statement of readiness and motion to reduce (June 25, 2002) is found to be 190 days, well beyond the 180-day period allowed under CPL 30.30 (1) (a). The People thus bear the burden of demonstrating sufficient excludable time (People v Berkowitz, supra).
In examining the responding papers of the People, it is asserted “the People were ready for trial on May 27, 2002, twenty-one days before the six month speedy trial period had lapsed * * * and * * * that the time, between May 27, 2002 and June 17, 2002 [sic] * * * should therefore not be charged to the People * *
The court notes that while the People may be excused post-readiness delays caused by court scheduling (People v Goss, 87 NY2d 792 [1996]; People v Giordano, 56 NY2d 524 [1982]), they are not so excused in the case of prereadiness delays (People v Correa, 77 NY2d 930 [1991]; People v Cortes, 80 NY2d 201 [1992 ]; see People v Williams, at *4-5, supra [citing same]).
The law requires “either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecution to both defense counsel and the appropriate clerk, to be placed in the original record.” {People v Kendzia, 64 NY2d 331, 337 [1985].)
In the interests of justice, on the charge of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), the court initially grants the People’s motion to reduce this charge to criminal trespass in the second degree (Penal Law § 140.15), the court making the necessary findings that there is a factual basis for same under People v Yolles (92 NY2d 960 [1998]) and that there is reasonable cause to believe defendant committed a nonfelony offense.
The court now turns its attention to the unique issue raised by this motion as to whether a facsimile (commonly referred to as a fax) constitutes proper service to satisfy the requirements of CPL 30.30.
CPLR 2103 (b) (5) provides, in pertinent part, that service of papers upon an attorney shall be made
“by transmitting the paper to the attorney by facsimile transmission, provided that a facsimile telephone number is designated by the attorney for that purpose. Service by facsimile transmission shall be complete upon the receipt by the sender of a signal from the equipment of the attorney served *425 indicating that the transmission was received, and the mailing of a copy of the paper to that attorney * * (Emphasis added.)
In this case, the court finds there was no communication of readiness placed on the record or transmitted to defendant by ordinary mail. The People, in relying exclusively on a facsimile transmission as the means of communicating to defendant the statement of readiness and motion to reduce, do so at their own peril. Facsimile transmissions may not be as inherently reliable as other modes of communication. The court further finds that the People not only have failed to demonstrate that the facsimile telephone number provided by defense counsel was for the purpose of service of process but also same was not followed by the mailing of a copy of same to counsel as required by CPLR 2103 (b) (5). The court accepts the defense claim that they never actually received the written statement of readiness and motion to reduce until they personally were handed same in court on June 25, 2002. Therefore, the court specifically finds the entire 190-day period from December 17, 2001 to June 25, 2002 attributable to the People for speedy trial. The court also concludes that communication of the statement of readiness by the People to the defendant on or after June 25, 2002 cannot be considered to have been prompt.
Defendant’s motion to dismiss the charges is in all respects granted and both charges hereby are dismissed.

 The court notes that defendant and counsel appeared in Elmira City-Court on July 23, 2002 and on August 13, 2002, at which time it was represented that a motion to dismiss actually had been filed in Chemung County Court on June 28, 2002. It further was represented that Honorable James T. Hayden declined to hear the case due to a lack of jurisdiction. On August 13, 2002, defendant waived his right to a preliminary hearing, the matter was transferred to Chemung County Court and this matter was returned to Elmira City Court via an order dated January 10, 2003 and executed by Honorable Chemung County Court Judge Hayden following a CPL 180.40 motion filed by the People. It is unclear as to the status of the defense motion to dismiss during this time period except both parties agree same was never decided. The aforesaid order from Judge Hayden was filed with Elmira City Court on March 4, 2003.