■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SCOTT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 9, 1975 (the date on the clerk's extract is August 6, 1975), convicting him of robbery in the first degree, robbery in the second degree (three counts), grand larceny in the third degree and assault in the second degree (three counts), upon a jury verdict, and imposing sentence. By order of this court dated November 8, 1976, as amended by a further order of this court, dated November 16, 1976, the case was remanded to Criminal Term for a hearing as to whether the delay between the indictment and defendant's first motion to dismiss the indictment was occasioned by the District Attorney *(People v Scott,* 54 AD2d 952). The appeal has been held in abeyance in the interim. The hearing has been held; Criminal Term concluded that the District Attorney was not responsible for the delay and entered an order, dated December 22, 1976, denying defendant's motion to dismiss the indictment for lack of a speedy trial. Order and judgment reversed, on the law and the facts, motion granted, and indictment dismissed. At the hearing the court stated that the defendant, from September 21, 1973 to March 28, 1974, "was lost in the system and it is attributable to the District Attorney's office." Nevertheless, in denying the motion, the court looked at other factors aside from whether the District Attorney's office was at fault for the delay and concluded, in its decision after the hearing, that the District Attorney had been diligent in his efforts to produce the defendant. Under *People v Masselli* (13 NY2d 1) and *People v Sylvester* (29 AD2d 985), the District Attorney and the Department of Correctional Services are both deemed to be agents of the State; thus, the failure of the Department of Correctional Services to produce the defendant is chargeable to the District Attorney. Accordingly, the defendant's motion to dismiss the indictment for failure to grant him a speedy trial should be granted and the indictment dismissed. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VIGILANTE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 6, 1976, convicting him of criminal possession of a weapon in the third degree, upon a plea of guilty, and sentencing him to an indeterminate term of imprisonment with a maximum of five years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a five-year period of probation. As so modified, judgment affirmed and case remitted to the Criminal Term to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Su-