murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. On September 20, 1982, this court remitted the case to Criminal Term to hear and report with respect to the warrantless arrest of defendant in his home on February 14, 1973 (see *Payton v New York*, 445 US 573; *United States v Johnson*, 457 US 537), and the appeal has been held in abeyance in the interim (*People v Maerling*, 89 AD2d 1001). Criminal Term has now complied. Judgment affirmed. The evidence adduced at the hearing, where credibility was the crucial factor, supports the conclusion of the hearing court that the police entered defendant's home on February 14, 1973 with the consent of defendant's wife. Therefore, the arrest of defendant following the consensual entry was valid and the statement made by the defendant, after being advised of his *Miranda* rights, was properly held to be admissible. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Lazer, Thompson and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE MOORE, Appellant. — Appeal by defendant, as limited by his motion, from two sentences of the County Court, Nassau County (Santagata, J.), both imposed May 21, 1982, upon his convictions, on indictment number 52978/81 of rape in the first degree, and on indictment number 53809/81, of assault in the second degree, upon his pleas of guilty, the sentences being consecutive indeterminate terms of imprisonment of 8⅓ to 25 years and 2⅓ to 7 years, respectively. Sentences affirmed. The sentences imposed, consecutive indeterminate terms of 8⅓ to 25 years upon defendant's conviction of rape in the first degree and 2⅓ to 7 years upon defendant's conviction of assault in the second degree, were not excessive. Moreover, the sentences were not illegal by reason of section 70.30 (subd 1, par [c]) of the Penal Law. Under that paragraph, the aggregate maximum term of consecutive sentences imposed for two or more crimes, one of which was a class B felony, shall, if it exceeds 30 years, be deemed to be 30 years. Thus, since one of the sentences imposed herein was for rape in the first degree, a class B felony (see Penal Law, § 130.35), the aggregate maximum term of the consecutive sentences, 32 years, must be deemed to be 30 years. However, the fact that the aggregate maximum term may have exceeded 30 years does not require modification or vacatur of the underlying sentences. "The limits * * * provided [in § 70.30] do not affect the number of the lengths of the consecutive sentences that may be imposed by the courts: they merely serve as directions for calculating the aggregate length of those sentences" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.30, p 251). Thus, it is our view that the statute only governs the manner in which the defendant's maximum release date shall be calculated. In this regard we do not adopt the Third Department's view that consecutive indeterminate sentences with aggregate maximum terms exceeding the statutory limits are illegal (*People v Zimmer*, 88 AD2d 1031). Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PAPA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered April 2, 1982, convicting him of three counts each of criminal possession of stolen property in the first degree, falsifying business records in the first degree, illegal possession of vehicle identification number plates and violating section 426 of the Vehicle and Traffic Law, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, counts 1, 2, 3, 4, 9, 10, 11, 12, 13 and 14 of the indictment dismissed, and matter remitted to the Supreme Court, Queens County, for a hearing to determine whether defendant's statutory speedy trial rights concerning counts 5, 6, 7 and 8 were violated. The most significant contention advanced by

defendant on this appeal concerns the purported violation of his statutory right to a speedy trial. Defendant was originally charged under a 24-count indictment arising out of his possession of six allegedly stolen vehicles. Immediately prior to trial, the People moved to dismiss counts 17, 18, 19 and 20 of the indictment. Counts 21, 22, 23 and 24 were dismissed by the court during the trial. Counts 13 and 14 were also dismissed by the court for the reason that the People failed to prove that the vehicle involved, a 1979 Ford pickup truck, was on defendant's used car lot without the owner's permission. The jury found defendant guilty of three counts of criminal possession of stolen property in the first degree (counts 1, 5 and 9), three counts of falsifying business records in the first degree (counts 2, 6 and 10), three counts of illegal possession of vehicle identification number plates (counts 3, 7 and 11), and three counts of violating section 426 of the Vehicle and Traffic Law (counts 4, 8 and 12). The jury acquitted defendant of counts 15 and 16, which charged him, respectively, with the illegal possession of a vehicle identification number plate and violating the same Vehicle and Traffic Law provision involved in counts 4, 8 and 12. Defendant had moved prior to trial to dismiss all of the counts in the indictment on statutory speedy trial grounds. The People submitted an affirmation in opposition. Although no formal order was entered denying defendant's motion, defendant asserts, and the People concede, that the court denied the motion without a hearing after the completion of the testimony of all witnesses at trial as follows: "I have decided that even though it was a long time in waiting to bring this case to trial, that in the interest of justice we had arrived at it and it had been assigned to me from the Complex, and therefore even though I do think it was untimely in waiting, here we are and we're going to resolve the matter here". Defense counsel noted his exception to the court's ruling. On its face, the court's "reasoning" is flawed in at least two respects. First, CPL 30.30 contains no provision authorizing a court to deny a defendant's speedy trial application "in the interest of justice". Second, it appears that the court never even considered the merits of defendant's motion. Rather the clear implication is that the court denied the motion simply because both sides had, in effect, presented their cases to the jury. If this indeed was the reason for denying defendant's motion, the trial court completely ignored the purposes and principles of the statutory speedy trial right accorded to every defendant. In any event, an examination of the affirmation submitted on the speedy trial motion indicates that 12 counts of the indictment should have been dismissed outright. On May 14, 1980, defendant was arraigned in Criminal Court on charges which led to counts 10, 11, 14, 15, 22 and 23 of the indictment. The People's opposition papers treated the counts in blocks of four, since every set of four counts flowed from defendant's alleged possession of one stolen vehicle. Thus the People conceded that the May 14 arraignment related to counts 9 through 16 of the indictment filed on October 15, 1980. Therefore, the "starting time" for the charges contained in these counts was May 14, 1980 (see *People v Osgood,* 52 NY2d 37). The People conceded that they first announced their readiness to proceed on all counts in the indictment on March 9, 1981. However, the People argued that the time from May 14, 1980 through October 15, 1980 should not be charged to them because a full investigation was in progress during that period (see CPL 30.30, subd 4, par [g]). The People's affirmation purported to demonstrate the details and activity involved in their investigation. But it is important to note that the last mentioned date in their list of investigation dates is August 15, 1980, *not* October 15, 1980. No further specific investigatory activities were alleged to have occurred after August 15, 1980. Thus, even if we accept as true the People's assertion of a valid excludable portion of time pursuant to CPL 30.30 (subd 4, par [g]), this period would end on August 15, 1980. The People were not ready

to proceed until March 9, 1981, which yields a period of over 6 months. Hence, the prosecution of counts 9 through 16 was untimely. A similar analysis applies to counts 1 through 4. On June 24, 1980, defendant was arrested and arraigned on charges which led to counts 1, 2 and 3 of the October 15 indictment. Once again, the People treated counts 1 through 4 as a whole. The People's opposition arguments did not distinguish between the investigation undertaken for counts 1 through 4 from that conducted for counts 9 through 16. As noted above, the last investigation date attested to by the People was August 15, 1980 and they were not ready for trial on these charges until March 9, 1981. Since a period greater than six months thereby elapsed, and since no other excuse for the delay was proffered by the People, counts 1 through 4 should also have been dismissed outright. Counts 5 through 8 did not surface until the indictment was returned on October 15, 1980. This date marks the commencement of the criminal action against defendant on counts 5 through 8 (see CPL 1.20, subd 17). The People's "ready date" on March 9, 1981 would render the prosecution of these charges timely. After March 9, many more delays and adjournments intervened, some at the request of the People and others at the request of defendant. The trial did not commence until early February, 1982. Defendant's speedy trial motion was returnable September 8, 1981. On the basis of the papers submitted on the motion we cannot ascertain whether the People's later unreadiness to proceed was due to "some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence" (CPL 30.30, subd 3, par [b]). Accordingly, we remit the matter for a hearing to determine the timeliness of the prosecution of counts 5 through 8. Should the prosecution of counts 5 through 8 have been timely, a new trial of these counts would be in order. It is apparent from the record that defendant was prejudiced by the evidence adduced on the other similar counts upon which he never should have been tried. We have examined defendant's remaining contentions on appeal and find them to be without merit. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.