■ The People of the State of New York, Respondent, v Jack Russo, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Scholnick, J.), rendered December 18, 1979, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. By order dated December 6, 1982, this matter was remitted to Criminal Term to hear and report on the issue of whether the defendant was deprived of his right to a speedy trial (see CPL 30.20, 30.30) (*People v Russo,* 91 AD2d 618). Criminal Term (Grajales, J.), has now complied. Judgment affirmed. We agree with Criminal Term that defendant was not deprived of his right to a speedy trial (see CPL 30.20, 30.30). Since defendant demonstrated "the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded [fell] upon the People" (see *People v Berkowitz,* 50 NY2d 333, 349; see, also, *People v Daniel P.,* 94 AD2d 83; *People v Kardum,* 89 AD2d 644; *People v Ronzetti,* 88 AD2d 982). The People, in satisfying their burden of proof, relied on calendar notations which set forth reasons for certain adjournments, where the minutes of those adjournments were not available. Those calendar notations were admissible in evidence at the speedy trial hearing. The notations set forth the specific reasons for the adjournments, and were not conclusory (see *People v Berkowitz, supra,* pp 348-349). Further, calendar notations are part of a public record, and public records and documents are generally admissible in evidence as an exception to the hearsay rule (see Richardson, Evidence [Prince, 10th ed], § 342). The People communicated their readiness to the court on June 30, 1978 (see *People v Hamilton,* 46 NY2d 932). On that date, the People's motion to consolidate the instant indictment with another indictment was still pending. However, the court's failure to render a decision on that motion by June 30,

1978, was attributable, not to the People, but, rather, to defendant, who failed to file opposition papers because he changed attorneys. Thus, when the People announced their readiness on that date, they had satisfied their obligations under CPL 30.30 (see *People v Giordano,* 56 NY2d 524). Defendant never submitted sworn allegations that this was a case where the People at one point were ready, and, thereafter, were no longer ready for trial (see *People v Papa,* 96 AD2d 601; *People v Lomax,* 50 NY2d 351, 357). Therefore, that possibility need not be considered. Since the period of delay chargeable to the People until June 30, 1978, was less than six months, defendant's statutory rights were not violated (see CPL 30.30, subd 1, par [a]). Nor was defendant deprived of his constitutional right to a speedy trial (see CPL 30.20). We have considered defendant's other contentions and find them to be without merit. Titone, J. P., Brown, Rubin and Boyers, JJ., concur.