■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN EVANS, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Shaw, J.), entered July 14, 1982, which granted defendant's motion to dismiss the indictment on the ground that he had been denied his statutory right to a speedy trial (CPL 30.30). Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings. It was not contested by defendant that the statutory period began to run no earlier than November 25, 1980. Accordingly, the People were required to announce their readiness for trial by May 26, 1981, i.e., six months later a period of 181 days, unless there were excludable periods (see *People v Osgood,* 52 NY2d 37; *People v Sturgis,* 38 NY2d 625, 627; *People v Smith,* 97 AD2d 485; *People v Warren,* 81 AD2d 872). Our review of the record indicates that when the periods properly excluded by Criminal Term are totaled, the six-month period would have expired on May 4, 1982. Since the People concededly announced their readiness for trial on April 5, 1982, the indictment must be reinstated. Criminal Term erroneously charged the People with 25 days deemed in excess of a reasonable time to answer the instant motion. Said motion was made after the People announced their readiness for trial. Once the People effectively announce their readiness for trial they have satisfied their obligation under CPL 30.30. "Whatever may in fact have been the reason why the case was not reached for trial thereafter, there is no basis for dismissal pursuant to that statute" (*People v Giordano,* 56 NY2d 524, 525). Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE GATES, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed September 9, 1982. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Thompson, Brown and Niehoff, JJ., concur.