■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MENELIK O'NEAL, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Slavin, J.), entered November 18, 1981, which granted defendant's motion to dismiss the underlying indictment on the ground that he had been denied a speedy trial pursuant to CPL 30.30. Order affirmed. By Kings County indictment No. 3096/80, defendant was charged with three counts of robbery in the first degree, two counts of robbery in the second degree, two counts of assault in the second degree, criminal possession of a weapon in the second degree and two counts of criminal use of a firearm in the first degree. It was alleged that defendant, while acting in concert with others, stole a stereo from one Nathan Coleman. In the course of the crime and the immediate flight therefrom, defendant allegedly displayed a handgun. Defendant was arrested for robbery in the first degree on September 11, 1980. The indictment in question was thereupon filed on October 14. Defendant was arraigned before Justice Thompson on October 23, 1980, at which time he pleaded not guilty by "directions of [the] court". By notice of motion dated October 9, 1981, defendant sought dismissal of the indictment on the ground that he had been denied his statutory right to a speedy trial. A hearing on the motion was held on October 19, 1981, with the court finding 235 days attributable to the People. Therefore, the motion was granted by order entered November 18, 1981. Although the court's and the District Attorney's files had been ordered sealed after the case was dismissed, the court directed that the files be made available to the People for the purpose of prosecuting their appeal from the order dismissing the indictment. CPL 30.30 (subd 1, par [a]) mandates the dismissal of charges against a defendant on the basis of denial of his right to a speedy trial where the People are not ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony". A criminal action is commenced with the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20, subd

17), which by definition includes the filing of an indictment (CPL 1.20, subd 1). Where a defendant moves to dismiss an indictment on speedy trial grounds, he bears the burden of proving by a preponderance of the evidence that he was deprived of his right to a speedy trial (CPL 210.45, subd 7). Once a defendant has shown the existence of a delay greater than six months, the prosecution assumes the burden of demonstrating that the time periods in question are excludable (see *People v Brothers,* 50 NY2d 413; *People v Berkowitz,* 50 NY2d 333, 348-349). Calendar congestion or the lack of court facilities is neither an excuse nor a relevant factor in a CPL 30.30 situation and does not qualify as an excludable "exceptional circumstance" (*People v Brothers, supra;* CPL 30.30, subd 4, par [g]). The speedy trial statute mandates that the prosecution be ready to proceed to trial, not that court facilities must be available (*People ex rel. Franklin v Warden,* 31 NY2d 498, 501-502). Succinctly stated: "[O]nce the District Attorney had effectively announced his readiness for trial the operational effect of CPL 30.30 was exhausted. If the defendant's trial were thereafter delayed on account of court congestion, he would not be entitled to dismissal under CPL 30.30. His only remedy would lie by way of proof that he had been denied his constitutional right to a speedy trial" (*People v Brothers, supra,* p 417). A general claim that the People were excusably delayed by the need to conduct further investigation into the crime will not result in excludable time (*People v Washington,* 43 NY2d 772, 773-774). Moreover, the right to a speedy trial as guaranteed by CPL 30.30 relates to prosecutorial readiness and is not in any way dependent upon prejudice to the defendant or the defendant's readiness to proceed. Additionally, the People's readiness to proceed to trial must be communicated to the court and placed on the record. It is insufficient for the People to first inform the court of their alleged readiness to prosecute in an affidavit submitted in opposition to a defendant's motion to dismiss the indictment (*People v Hamilton,* 46 NY2d 932, 933-934; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, pp 151-152). In the instant case, the action was commenced by the filing of indictment No. 3096/80 on October 14, 1980. Defendant's motion to dismiss the indictment was returnable on October 16, 1981, more than a year after the commencement of the action. The action had not yet proceeded to trial. The People thus bear the burden of demonstrating that some of the time intervals involved are excludable (*People v Brothers, supra; People v Berkowitz, supra*). Specifically, the People contend that the following time periods allegedly charged to them should have been excluded: (1) the 58-day period after the prosecution announced its readiness for trial; (2) the 49-day period attributable to defendant's delay in serving motions; (3) the 18-day adjournment requested by defendant on February 13, 1981; and (4) the 24-day period between the filing of the indictment and the first court date after the arraignment. Notwithstanding the People's contention that they announced their readiness for trial on April 29, 1981, the record reflects no such announcement. Despite their failure to have previously communicated their readiness to the court, the People now rely upon the following statement from defense counsel's affirmation in support of the motion to dismiss the indictment: "The People did not answer ready until April 24, 1981, a period of 45 days from when the defense had answered ready".[*] The People argue that albeit the fact that their statement of readiness is not a matter of record, defendant's concession in the moving papers suffices to toll the CPL 30.30 period (see *People v Mace,* 91 AD2d 864). Assuming, *arguendo,* that said argument is meritorious, the record does not reflect a continued readiness inasmuch as the People unequivocally conceded that they were responsible for delays after April 29, 1981. Accordingly, the

---

[*] The People concede there is a five-day discrepancy between defense counsel's representation and their own.

People failed to effectively announce their readiness for trial, with the result that the operational effect of CPL 30.30 had not ceased on April 29, 1981 (see *People v Giordano,* 81 AD2d 1003, affd 56 NY2d 524). The People maintain, for the first time on appeal, that the period from the filing of the indictment on October 14, 1980 until November 7, 1980, the first court date arraignment, is excludable inasmuch as the People "are entitled to a reasonable period in which to notify defendant and arrange for his arraignment" (*People v Gadsden,* NYLJ, Jan. 21, 1982, p 13, col 3). Furthermore, the delay between the arraignment and defendant's appearance in Complex B was allegedly at the court's direction and, as such, should be excusable. It bears noting, however, that CPL 30.30 (subd 4) contains no provision for the mandatory exclusion of all prearraignment or court-ordered delays. While delays resulting from the granting of continuances at the request of or with the consent of defendant or his counsel are excludable (CPL 30.30, subd 4, par [b]), the People have conceded that no minutes are available for the various court dates with the exception of the October 19, 1981 hearing and the December 9, 1980 adjournment. Absent these minutes, there is no way of ascertaining whether the People's assertion concerning the reasons for the respective adjournments are correct. For these dates, the sole evidence offered by the People, who bear the burden of proof with respect to excludability, is a copy of the calendar notations inscribed by a court officer after each appearance. While calendar notations, as public records, are generally admissible in evidence as an exception to the hearsay rule (*People v Russo,* 99 AD2d 498), they are not conclusive evidence. On this matter, the Court of Appeals has ruled as follows: "Such notations, however, do not comprise a binding determination as to whether in fact the time span covered by a particular adjournment is to be excluded from the six-month period within which the People must declare their readiness for trial. That determination is one which must be made following an adversarial proceeding at which the defendant has an adequate opportunity to contend that the time is not excludable * * * [T]here is no necessary connection between the validity of a particular ground for an adjournment and the question whether such a period is to be excluded in computing the six-month period pursuant to CPL 30.30. At any rate, the calendar notations alone do not suffice to prove that the periods marked 'excluded' do in fact come within the ambit of the statutory exclusions" (*People v Berkowitz, supra,* p 349). It appears from the evidence compiled at the hearing and by defense counsel's admission, that the period from December 9, 1980 to January 15, 1981 was excludable. Criminal Term also excluded the 15-day interval between January 15 and January 30, 1981. Assuming, *arguendo,* that the calendar notations accurately reflect the adjournments made upon the parties' consent and at defendant's request, an additional 118 days were excludable pursuant to CPL 30.30 (subd 4, par [b]). As respects all other adjournments, the People have failed to sustain their burden of proving them excludable. Accordingly, a delay of at least 196 days was attributable to the People. Inasmuch as this was clearly in excess of the statutory period of limitations, defendant's motion to dismiss the indictment was properly granted. Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.

