THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL JONES, Respondent.

Second Department, December 24, 1984

APPEARANCES OF COUNSEL

*Elizabeth Holtzman, District Attorney* (*Barbara D. Underwood* and *Roseann B. MacKechnie* of counsel), for appellant.

*William E. Hellerstein* (*Daniel E. Rosen* of counsel), for respondent.

## OPINION OF THE COURT

MANGANO, J.

On the instant appeal, the People of the State of New York contend that Criminal Term erred in granting defendant's motion to dismiss his indictment based on the People's failure to provide him with a speedy trial pursuant to CPL 30.30. A resolution of this appeal necessarily involves an interpretation of the holding of the Court of Appeals in *People v Giordano* (56 NY2d 524). Although we reject the very broad interpretation of *Giordano* advanced by the People in support of their argument, we nevertheless are of the view that the order appealed from should be reversed, defendant's motion denied, and the indictment reinstated.

### BACKGROUND

The defendant was arrested on August 22, 1981 and was arraigned on August 23, 1981 upon a criminal complaint charging him with a series of rapes which had occurred earlier that month. On March 16, 1982, the People announced, on the record, their readiness for trial. By notice of motion dated May 24, 1983, the defendant moved to dismiss the indictment on the ground that the People were not ready for trial within the six-month period provided by CPL 30.30.

In defendant's papers submitted in support of the motion, defense counsel alleged that 407 days of unreasonable delay were chargeable to the People. Included in the total delay alleged by defense counsel was (1) delay resulting from the

People's failure to provide defendant with police laboratory reports and a supplemental bill of particulars within a reasonable time and (2) delay resulting from the People's failure to use due diligence in having defendant produced by the Department of Correction for various court appearances.

In opposition to the defendant's motion, the People argued, *inter alia,* that (1) excluding certain delay chargeable to the defendant, they announced their readiness for trial, on the record, within the required time period, i.e., within six months of the commencement of the criminal action (CPL 30.30, subd 1, par [a]), (2) as a matter of law, once the People timely announced their readiness for trial, on the record, any subsequent delay, no matter what the reason or cause, could not be charged to them, pursuant to the holding of the Court of Appeals in *People v Giordano* (56 NY2d 524, *supra*), and (3) in any event, the delays which occurred in the instant case after the People timely announced their readiness for trial, on the record, i.e., the delay resulting from the People's failure to comply within a reasonable time with defendant's requests for discovery, and a delay resulting from the People's failure to have defendant produced by the Department of Correction for various court appearances, could not be charged to them since they either (a) were unnecessarily caused by defense counsel, (b) occurred at a time when defense counsel admitted that his material witnesses and records were not available and he was therefore not ready for trial, or (c) occurred despite the exercise of due diligence by the People.

### THE DECISION OF CRIMINAL TERM

After a hearing, Criminal Term found that the People were chargeable with 259 days of unreasonable delay including, *inter alia,* 55 days of delay prior to March 16, 1982, when the People announced on the record that they were ready for trial (the People do not challenge this figure on appeal) and 204 days of delay which occurred after the People's announcement of readiness for trial, made on March 16, 1982. The latter period (which is challenged by the People on appeal) included, *inter alia,* (1) 22 days of delay from May 25, 1982 to June 16, 1982, resulting from the People's failure to comply within a reasonable time with a direction of the court, dated March 30, 1982, that the People provide defendant with a supplemental bill of particulars, (2) 57 days of delay during the 69-day period between June 16, 1982 and August 24, 1982, resulting from the People's failure to provide defendant with requested police laboratory reports within a reasonable time after their completion, and (3) 103

days of delay during the 127-day period between January 3, 1983 and May 10, 1983, resulting from the People's failure to have the Department of Correction produce defendant for various court appearances. Criminal Term rejected the People's broad interpretation of *People v Giordano* (56 NY2d 524, *supra*), and instead ruled that the Court of Appeals in *Giordano* clearly intended, by including therein a reference to *People v Brothers* (50 NY2d 413), to limit its holding in *Giordano* to those delays, occurring subsequent to the People's announcement of readiness, over which the People had "no control", i.e., calendar congestion, or which were "irrelevant to the People's readiness for trial". Based on this interpretation of *Giordano* (*supra*), Criminal Term opined that the defendant's presence in court was within the prosecutor's control and was relevant to the People's continued readiness for trial. Criminal Term, without making an express finding, implicitly found that the People had failed to demonstrate that they exercised due diligence in attempting to have defendant produced by the Department of Correction during this 103-day period. Criminal Term further held that once the People were not ready for trial at any point after announcing their readiness for trial on the record, their announcement of readiness was "vitiated" and under those circumstances, any delays which occurred after the announcement of readiness by the People and which would otherwise not be considered relevant to the People's continued readiness for trial, i.e., unreasonable delay in responding to requests for discovery (see *People v Cole,* 90 AD2d 27), would nevertheless be chargeable to the People. Accordingly, Criminal Term charged the People with 79 days of unreasonable delay in complying with defendant's requests for discovery. Since the total delay chargeable to the People was 259 days, i.e., far more than the six-month period provided for in CPL 30.30, Criminal Term granted defendant's motion to dismiss the indictment.

### THE LAW

In *People v Brothers* (50 NY2d 413, *supra*), the Court of Appeals held that court congestion did not excuse the People's failure to be ready for trial so as to defeat defendant's entitlement to a dismissal of the indictment under CPL 30.30.

In *People v Giordano* (56 NY2d 524, *supra*), the People did announce, on the record, their readiness for trial within the required six-month period and the case was subsequently delayed because of court congestion. In *Giordano,* the defendant argued that the holding of *People v Brothers* (*supra*) was applicable, i.e., that the delay caused by court congestion was to be

charged to the People, even if that delay occurred after the People announced, on the record, their readiness for trial. In rejecting that argument, and affirming the denial of defendant's motion to dismiss the indictment pursuant to CPL 30.30, the Court of Appeals held: "when the District Attorney * * * announced his readiness on the record he * * * satisfied his obligation under CPL 30.30. Whatever may in fact have been the reason why the case was not reached for trial thereafter, there is no basis for dismissal pursuant to that statute (cf. *People v Brothers,* 50 NY2d 413, 417)" (*People v Giordano, supra,* p 525).

The People argue on appeal, as they did unsuccessfully before Criminal Term, that although the facts in *Giordano* (*supra*) involved delay resulting from court congestion, they could not, under the language of *Giordano,* as a matter of law, be charged with any delays, under any circumstances, which occurred after they timely announced their readiness for trial on the record.

We disagree with the People's interpretation of *Giordano* (*supra*).

Initially, we note that in interpreting the holding of the Court of Appeals in *Giordano* (*supra*), we must be guided by the general principle that the language used therein "must be read in context and in the light of the issues presented" (*People v Olah,* 300 NY 96, 101; see, also, *Danann Realty Corp. v Harris,* 5 NY2d 317).

This court has, on several occasions, taken pains to stress that the People cannot, by timely announcing on the record that they are ready for trial, totally insulate themselves from being charged with unreasonable delays which occur thereafter and affect their continued readiness for trial. Thus, in *People v Papa* (96 AD2d 601), decided after *Giordano* (56 NY2d 524, *supra*), the People announced their readiness for trial on the record within six months of commencement of the action against defendant. The court in *People v Papa* (*supra,* p 603) reversed a judgment of conviction and remitted the matter for a hearing as to whether defendant's statutory speedy trial rights had been violated, stating: "Counts 5 through 8 did not surface until the indictment was returned on October 15, 1980. This date marks the commencement of the criminal action against defendant on counts 5 through 8 (see CPL 1.20, subd 17). The People's 'ready date' on March 9, 1981 would render the prosecution of these charges timely. After March 9, many more delays and adjournments intervened, some at the request of the People and others at the request of defendant. The trial did not commence until early February, 1982. Defendant's speedy trial motion was returnable

September 8, 1981. On the basis of the papers submitted on the motion we cannot ascertain whether the People's later unreadiness to proceed was due to 'some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence' (CPL 30.30, subd 3, par [b])". Similarly, in *People v Russo* (99 AD2d 498), this court, relying on *People v Giordano* (*supra*), concluded that defendant's motion to dismiss pursuant to CPL 30.30 was properly denied because the People had satisfied their obligation under the statute when they announced their readiness for trial after less than six months of chargeable delay. The court in *People v Russo* (*supra*, p 499), went on to state: "Defendant never submitted sworn allegations that this was a case where the People at one point were ready, and, thereafter, were no longer ready for trial". Finally, in *People v O'Neal* (99 AD2d 844), the People argued that although there was no announcement of their readiness for trial on the record, the defendant's concession that they did so announce on April 24, 1981, i.e., within the six-month period, was sufficient to satisfy CPL 30.30. With respect to that argument, this court stated: "Assuming, *arguendo,* that said argument is meritorious, the record does not reflect a *continued readiness* inasmuch as the People unequivocally conceded that they were responsible for delays after April 29, 1981. Accordingly, the People failed to *effectively announce their readiness* for trial, with the result that the operational effect of CPL 30.30 had not ceased on [the date they contended that they had announced their readiness] (see *People v Giordano,* 81 AD2d 1003, affd 56 NY2d 524)" (*People v O'Neal, supra,* pp 845-846; emphasis supplied).

These cases clearly stand for the proposition that even after the People timely announce their readiness for trial, they may be charged with subsequent delays caused by them which affect their continued readiness for trial. On the other hand, this court and the Appellate Division, Third Department, have held that once the People timely announce, on the record, their readiness for trial, they cannot, as a matter of law, be charged with subsequent delays which are caused by their conduct and which do not affect their continued readiness for trial. Thus, in *People v Evans* (99 AD2d 535), this court held that it was error to charge the People with 25 days of unreasonable delay in answering a motion pursuant to CPL 30.30 which was made after the People timely announced their readiness for trial. Clearly, the delay in answering the CPL 30.30 motion did not affect the People's

continued readiness for trial. Accordingly, under those circumstances, this court held, relying on *Giordano (supra)*: "Once the People effectively announce their readiness for trial they have satisfied their obligation under CPL 30.30" (*People v Evans*, 99 AD2d 535, *supra*).

In *People v Cole* (90 AD2d 27, *supra*), the Appellate Division, Third Department, rejected the argument that the People could be charged, on a motion to dismiss pursuant to CPL 30.30, with unreasonable delay in providing a bill of particulars which occurred after they timely announced their readiness for trial. Specifically, the Third Department stated: "The People's failure to provide the bill of particulars until September 21, 1981 is also irrelevant on a CPL 30.30 motion. The clear and sole purpose of CPL 30.30 is to insure the People's readiness for trial within certain defined time limitations (*People v Brothers, supra*, pp 416-418). The prosecution's communication of readiness on the record establishes its commitment to proceed when the case is reached for trial. Failing to serve a bill of particulars is in no way inconsistent with the prosecution's continued readiness. If the People delay in serving a bill of particulars ordered pursuant to CPL 200.90, a defendant has various judicial remedies available to compel compliance, including a motion for preclusion (*People v Lupia*, 65 Misc 2d 755, vacated on other grounds 66 Misc 2d 775). Unreasonable delay in furnishing a bill of particulars may also be considered if it contributed to depriving a defendant of a speedy trial for purposes of CPL 30.20 (not raised here). However, defendant's remedies for such delay do not include charging those days of delay to a prosecutor who has already communicated his readiness for trial under CPL 30.30 (see *United States v Pollak*, [364 F Supp 1047,] 1050). True, if the prosecution had not yet communicated its readiness for trial, the delay in furnishing the bill of particulars would be chargeable to the prosecution's six-month statutory period under CPL 30.30 (*People v Rivera*, 72 AD2d 922). Here, however, the prosecution had formally expressed its readiness for trial and was thus committed to being available without further delay if defendant had elected to waive any statutory stay (CPL 200.90) and proceed to trial without the bill of particulars (cf. *People v Zvonik*, 40 AD2d 840). This is all that section 30.30 requires. Since we have concluded that the delay in serving a bill of particulars is not chargeable under CPL 30.30 after a prosecutor has effectively communicated readiness, and since apart from that delay in the instant case there is no arguable violation of that section, County Court erred in dismissing the indictment" (*People v Cole*, 90 AD2d 27, 29-30, *supra*; see, also, *United States v Pollak*, 364 F Supp 1047, *supra*, affd 492 F2d 1237).

█Viewed within this perspective, Criminal Term was correct in charging 103 days to the People resulting from their failure to have defendant produced in court by the New York City Department of Correction. In *People v Scott* (56 AD2d 667), this court held that the failure of the New York State Department of Correctional Service to produce the defendant may be charged to the People. Specifically, this court in *Scott* stated (p 667): "At the hearing the court stated that the defendant, from September 21, 1973 to March 28, 1974, 'was lost in the system and it is attributable to the District Attorney's office.' Nevertheless, in denying the motion, the court looked at other factors aside from whether the District Attorney's office was at fault for the delay and concluded, in its decision after the hearing, that the District Attorney had been diligent in his efforts to produce the defendant. Under *People v Masselli* (13 NY2d 1) and *People v Sylvester* (29 AD2d 985), the District Attorney and the Department of Correctional Services are both deemed to be agents of the State; thus, the failure of the Department of Correctional Services to produce the defendant is chargeable to the District Attorney."

Moreover, it cannot be gainsaid that the People's failure to have defendant produced at trial clearly affects the People's continued readiness for trial, since defendant's presence is a prerequisite for proceeding to trial (US Const, 6th Amdt; NY Const, art I, § 6; CPL 260.20). Since the People failed to demonstrate on this record that they exercised due diligence in attempting to obtain defendant's production in court, Criminal Term properly charged them with 103 days of delay even though this delay occurred after the People had timely announced, on the record, their readiness for trial (see CPL 30.30, subd 4, par [c]; subd 3, par [b]).

█ Criminal Term, however, erred in charging the People with 79 days of unreasonable delay in complying with defendant's requests for discovery, which delay occurred after the People timely announced, on the record, their readiness for trial. It is true that where an unreasonable delay of this nature in answering a defendant's pretrial motion occurs prior to a timely announcement of readiness by the People, it may be charged to them (see *People v Rivera,* 72 AD2d 922; *People v McCaffery,* 78 AD2d 1003; CPL 30.30, subd 4, par [a]). However, once the People make a timely bona fide announcement, on the record, of readiness for trial, their subsequent delay in responding to requests for discovery, as well as a subsequent delay in responding to a pretrial motion, cannot be charged to them (*People v Cole,* 90 AD2d 27, *supra; People v Evans,* 99 AD2d 535, *supra),* since delays of this nature are "in no way inconsistent with the

prosecution's continued readiness" (*People v Cole, supra,* p 29). Although Criminal Term apparently recognized the viability of the holding of the Appellate Division, Third Department, in *People v Cole,* it attempted to distinguish *Cole* on the grounds that (1) in the case at bar, the People's announcement of readiness was "vitiated" by the subsequent unreasonable delay of the People in having the Department of Correction produce the defendant and (2) accordingly, the People's unreasonable delay in responding to the defendant's requests for discovery had to be treated as if no announcement of readiness had ever been made by the People and therefore had to be charged to them (*People v Rivera, supra; People v McCaffery, supra*).

We disagree with the reasoning of Criminal Term.

There is nothing in the record to indicate that the People's March 16, 1982 announcement on the record that they were ready for trial, was anything but bona fide. Under these circumstances, Criminal Term's attempt to retroactively vitiate that announcement of readiness for all purposes (including charging the People, in contravention of *People v Cole, supra,* with the subsequent delay in responding to defendant's requests for discovery), based on the People's delay in having the defendant produced in court almost a year later was, in our view, arbitrary and erroneous.

■ Finally, our result would not be different even assuming, *arguendo,* that the delay by the People in complying with defendant's requests for discovery, was subject to scrutiny under CPL 30.30. An examination of the record indicates that on May 25, 1982, the Assistant District Attorney orally offered to give defense counsel the information sought in the supplemental bill of particulars. However, defendant's counsel demanded a written supplemental bill and the case was adjourned to June 16, 1982 (22 days later), upon defense counsel's request because he was on trial elsewhere. Under these circumstances, the 22-day period between May 25, 1982 and June 16, 1982 was improperly charged by Criminal Term to the People (CPL 30.30, subd 4, par [b]; *People v Stanton,* 71 AD2d 932; *People v Battles,* 77 AD2d 405).

■ Similarly, it was error to charge the People with 57 days of delay in furnishing completed police laboratory reports to the defense. A review of the record indicates that during this period defense counsel was not ready to go to trial and requested adjournments due to various reasons including (1) lack of receipt of test results performed by the defendant's experts, (2) defense

counsel's vacation and (3) the absence of defendant's expert from the country.[1]

■ Accordingly, since 79 days of delay were improperly charged by Criminal Term to the People, there remain only 180 days of delay chargeable to them.[2] The People had to be ready for trial within six calendar months after commencement of the criminal action, which is not necessarily 180 days (*People v Smith,* 97 AD2d 485; *People v Battles, supra*). In the case at bar, the relevant six-month period (from the latter part of August through the latter part of February) totaled 184 days, and the People were required to be ready within that period unless there were excludable periods (*People v Osgood,* 52 NY2d 37; *People v Sturgis,* 38 NY2d 625, 627; *People v Smith, supra*).

Since only 180 days can be charged to the People on this record, the order granting defendant's motion to dismiss the indictment pursuant to CPL 30.30 must be reversed, and the indictment reinstated.

MOLLEN, P. J., O'CONNOR and LAWRENCE, JJ., concur.

Order of the Supreme Court, Kings County, entered September 13, 1983, reversed, on the law, motion to dismiss indictment denied, indictment reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings.

---

1. Defendant also argued before Criminal Term that the People had unnecessarily delayed until August 24, 1982 in responding to several outstanding items requested in a demand for a supplemental bill of particulars. The record is not clear as to whether or not Criminal Term considered this an additional reason for charging the People with 57 days of delay during the period between June 16, 1982 and August 24, 1982. However, in any event, it would have been error to do so, since these items had been, by defense counsel's own concession, supplied to the defense months before, in UF-61 reports.

2. We have examined, and find without merit, defendant's contention that certain other delays, found by Criminal Term to be excludable, should be charged to the People.