■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RANDY GUSHLAW, Respondent. (Appeal No. 1.)—Order unanimously affirmed. Memorandum: Although the court erred in granting defendant's motion to dismiss the indictment pursuant to CPL 30.30 without holding a hearing (*see, People v Russo,* 78 AD2d 557), the defect was cured when the court held a hearing on the People's motion to reargue. It was also error to charge the People with the 19 days during which they failed to furnish the minutes of the Grand Jury proceedings. CPL 30.30 is a trial readiness rule; delay occasioned by the People's failure to comply with discovery requests does not affect their continued readiness to proceed to trial (*see, People v Alicea,* 109 AD2d 1083; *People v Runion,* 107 AD2d 1080). In the context of these proceedings, however, the error was harmless (*see, People v Gushlaw* [appeal No. 2], 112 AD2d 792). (Appeal from order of Onondaga County Court, Cunningham, J.—CPL 30.30.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RANDY GUSHLAW, Respondent. (Appeal No. 2.)—Order unanimously affirmed. Memorandum: Defendant was arrested on September 22, 1983, indicted on April 26, 1984 and arraigned on April 27, 1984 at which time the People announced that they were ready for trial. In order to satisfy the six-month rule (CPL 30.30 [1] [a]), the People were required to announce readiness for trial on March 22, 1984, six months after defen-

dant's arrest. Once defendant demonstrated that the People's statement of readiness was made beyond the six-month period, the burden of proving excludable periods fell to the People (*see, People v Berkowitz,* 50 NY2d 333, 349; *People v Russo,* 99 AD2d 498). The contested period was a critical three days between March 9 and March 12. The People argued that those three days should be charged to the defendant, alleging that his attorney orally requested an adjournment of the Grand Jury proceedings on that day. To the contrary, however, the undisputable conclusion to be drawn from the testimony at the hearing is that the Assistant District Attorney presented his case to the Grand Jury on the 9th and did not grant an adjournment until the following Monday, March 12, when defense counsel delivered a written waiver of speedy trial to the District Attorney's office. It was also established that the District Attorney's office had sent defense counsel conflicting notices, both dated March 6, as to when defendant might testify before the Grand Jury. One indicated that he should notify the District Attorney's office within a week if he wished to testify and stated that he would then be notified as to the exact date and time he could be heard. The other stated that he should appear on March 9 at 1:45 P.M. It was therefore clear that the case was not voted in the Grand Jury on March 9 in order to give the defendant "a reasonable time to exercise his right to appear as a witness" (CPL 190.50 [5] [a]). The fact that the delay here was minimal is of no moment inasmuch as the six-month period is a precise cutoff (*see, People v Dean,* 45 NY2d 651, 656 *rearg denied* 46 NY2d 940). (Appeal from order of Onondaga County Court, Cunningham, J.—reargument.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.