OPINION OF THE COURT
Irving M. Kramer, J.
The defendant, Henry Bowe, charged with attempted grand larceny (Penal Law §§ 110.00, 155.30), assault in the third degree (Penal Law § 120.00), menacing (Penal Law § 120.15) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01), moves this court asserting that his right to a speedy trial has been violated.
The defendant was arraigned on January 4,1984. On March 28, 1984, 85 days after arraignment, the People announced their readiness on the record. This has been conceded by the defendant.
The issue on this motion is did the People subsequent to March 28, 1984 vitiate their prior state of readiness? This court believes they did.
It must be borne in mind that although the People may communicate their readiness on the record within the required statutory period they do not thereby insulate themselves from being further charged with unreasonable delays that subsequently occur thereby vitiating their continued state of readiness (People v Jones, 105 AD2d 179, 183). CPL 30.30 is a prosecutor’s ready for trial provision. While it does *1058 not mean that the defendant must receive a trial within the statutorily prescribed period (see, People v Brothers, 50 NY2d 413), it does mean that after the People have announced ready within the prescribed time required by CPL 30.30, the People must continue to maintain their state of readiness as a "commitment to proceed when the case is reached for trial” (People v Jones, 105 AD2d 179, 185, supra). CPL 30.30 operates against the People and not the defendant who need not be ready for trial. CPL 30.30 was intended to eliminate unjustified delays and not to provide a reward or incentive for delay.
Viewed in this perspective, we examine the periods subsequent to March 28, 1984, the date the People initially answered ready, with respect to the allegation of the defendant that the People failed to maintain a continued state of readiness thereby violating defendant’s constitutional rights.
March 28, 1984 to April 19, 1984 — This period cannot be charged to the People since the People answered ready on March 28, 1984 and the matter was adjourned to April 19, 1984 because of the absence of defendant’s counsel.
April 19, 1984 to June 7, 1984 — This period covers court appearances of April 19, 1984, May 14, 1984 and May 15, 1984. This period cannot be charged to the People despite the People’s failure to serve court-ordered discovery material since the failure to deliver such discovery material does not affect their continued readiness for trial (People v Jones, 105 AD2d 179, 186, supra).
June 7, 1984 to July 19, 1984 — This period is chargeable to the People. The prosecutor did not have his file on the court appearance of June 6, 1984 and June 20, 1984. It is this court’s opinion that the failure to have a file in court must be charged to the People since it creates an adjournment delay because of the People’s inability to proceed. This District Attorney’s file is within his control and the absence of such file, unexplained, certainly does not constitute due diligence or circumstances beyond the prosecutor’s control (see, CPL 30.30 [3] [b]). The defendant certainly does not have the alternative judicial remedy expressed in People v Jones (105 AD2d 179, 185, supra), which apparently relieves the People from any responsibility for delay and preserves their continued state of readiness. Here the defendant has no remedy and can do nothing but go along with an adjournment. An examination of the transcripts of the court proceedings for June 6, 1984 and June 20, 1984 reveals that the People offered no explanation *1059 for not having the file, nor showed any diligent effort to locate the file. Also, the People made no objection when the court charged the adjournments to them. This court feels very strongly that to approve such action would only provide the People with a convenient dilatory tactic sanctioned by the court whenever the prosecutor may not be in the required state of readiness. Therefore although the People’s announcement of readiness on March 28, 1985 may have been made in good faith, their appearance in court on two consecutive court dates with no file and no satisfactory explanation, leaves this court with no alternative but to find that the prosecution vitiated its continued state of readiness and is chargeable with 42 days of delay.
July 19, 1984 to August 20, 1984 — This adjournment was requested by the defendant and is not chargeable to the People.
August 20, 1984 to September 6, 1984 — The defendant alleges that the People requested an adjournment because the District Attorney was on vacation. This is not controverted by the People in their response to the motion, nor is any explanation or demonstration of excludability given. This period of 17 days is charged to the People on the authority of People v McCaffery (78 AD2d 1003). In this case the prosecution sought an adjournment because the Assistant District Attorney handling the case was ill. The court held this was not an exceptional circumstance and did not relieve the prosecution of its duty to expedite the proceeding and to bring in other personnel to assure the effective operation of the judicial system. This court finds that if an ailing Assistant District Attorney will not be accepted as an excuse to delay prosecution, a vacationing Assistant District Attorney certainly will not be accepted as a valid excuse for delay in this case.
The court will not consider any dates beyond October 17, 1984, the date the defendant’s initial motion to dismiss was made returnable, and which motion was subsequently replaced by the instant motion, dated December 21, 1984, and made returnable January 7, 1985. The initial motion was withdrawn.
Since the People’s readiness stated on March 28, 1984 was vitiated, the court must now go back to the commencement of the action to determine the excludable and chargeable times during the 85-day period prior to the People answering ready on March 28, 1984. The period between January 4, 1984, the date defendant was arraigned, to the next court date, January *1060 13, 1984, is charged to the People. CPL 30.30 (4) (a)-(g) sets forth the specific exclusions that can be considered for excludable time periods. Since it is a precise statute it must be precisely followed. Not all court-ordered adjournments must be deemed mandatorily excludable. The People should make or offer some explanation as to why it should not be charged to them. Therefore this nine-day period is chargeable to the People (see, People v O’Neal, 99 AD2d 844, 846). The periods January 13, 1984 to February 3, 1984 and February 3, 1984 to March 5, 1984, are charged to the defendant as adjournments made at defense’s request, and for motions. This period is therefore excludable time. The period March 5, 1984 to March 28, 1984 is charged to the People since they have failed to meet their burden to show that this period should be excludable time. Therefore of the 85-day period prior to March 28, 1984, 32 days are chargeable to the People.
Adding up the times chargeable to the People, the court arrives at a figure of 91 days (32 days prior to Mar. 28, 1984; 13 days from June 7, 1984 to June 20, 1984; 29 days from June 20, 1984 to July 19, 1984; and 17 days from Aug. 20, 1984 to Sept. 5, 1984). Consequently, defendant’s right to a speedy trial has indeed been violated and the court has no alternative but to grant the defendant’s motion to dismiss.