OPINION OF THE COURT
Martin Marcus, J.
In this case, after the defendant was arraigned on a Bronx County indictment charging him with robbery in the first *258 degree and related charges, and after the People announced their readiness for trial, he began serving a sentence in an upstate prison, imposed upon him in another case and in another county. For a period of almost 10 months thereafter, he was not produced for any of his Bronx County adjourned dates. The defendant now makes a speedy trial motion, arguing that the failure to cause his production in and of itself makes otherwise excludable adjournments per se chargeable to the People. Because CPL 30.30 does not permit or require the application of such a per se rule, and because much of the period is excludable despite the defendant’s absence, the includable delays do not exceed the permissible six months. Accordingly, the defendant’s motion to dismiss on speedy trial grounds must be denied.
THE FACTUAL BACKGROUND
On April 15, 1989, the defendant was incarcerated in Bikers Island following his arrest for an unrelated incident in New York County. Over three months later, on August 1, 1989, the Grand Jury of Bronx County returned the instant indictment, the first accusatory instrument filed in this case. Eight days later, on August 9, 1989, the defendant was arrested on this indictment and brought before the court for arraignment. The People then and on numerous other occasions thereafter announced their readiness for trial. The defendant was transferred from Bikers Island to a New York State correctional facility sometime around February 14, 1990, in order to begin serving the sentence imposed upon him under the New York County conviction. On October 4, 1990, defense counsel informed the People and the court of the defendant’s whereabouts, and steps to secure his production then began. The defendant was returned to Bikers Island on November 19, 1990, and that day the People filed a new statement of readiness. After further adjournments, this speedy trial motion was filed.
During and after the period the defendant was imprisoned upstate, his attorney requested various adjournments on grounds unrelated to the defendant’s absence, consented to other adjournments requested by the People, and expressly waived the defendant’s production in court for several appearances. Also during this time period, and despite the defendant’s absence, the defendant’s attorney drafted and served omnibus motions, which were then answered by the People *259 and decided by the court. At defense counsel’s request, the court also postponed the defendant’s trial in this case to accommodate defense counsel’s trial and vacation schedule and his observance of religious holidays.
THE APPLICABLE LAW
Although many of the adjournments granted during this period were otherwise excludable pursuant to CPL 30.30 (4), the defendant insists upon the application of a per se rule: the absence from court of a defendant incarcerated in another jurisdiction makes the adjournment of his case chargeable to the People, regardless of the circumstances of or reasons for the adjournment. The People take a contrary but no less absolutist position. They claim that they should not be held responsible for the "curious absence of the defendant” during the period from February 1990 until October 4, 1990 "when during this entire period of time Mr. Bornstein also was not aware that any problem in producing Mr. Allen existed.” In other words, it is their position that it was defense counsel’s obligation to inquire into his incarcerated client’s whereabouts, and until defense counsel provided that information to the People, they had no responsibility to secure his appearance.
Neither position is consistent with the law. It is clear that the People have the burden of securing the appearance of an incarcerated defendant, that in his absence from the jurisdiction the People are not ready for trial, and that his absence is not chargeable only "provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial”. (CPL 30.30 [4] [e].) However, while the People’s failure to secure the appearance of such a defendant thus renders the People, ipso facto, not ready for trial, it does not thereby also render excludable adjournments includable.
In People v Anderson (66 NY2d 529, 534 [1985]), the Court of Appeals held that the dismissal of an indictment was not required because of a "postreadiness failure” by the People which had no bearing on the People’s readiness, even if it affected the defendant’s ability to proceed to trial. The court, however, gave as an example of postreadiness delay which did affect the People’s readiness, a situation in which "the People fail * * * to produce for trial a defendant in their custody” (66 NY2d, at 538). Moreover, in affirming the reinstatement of an *260 indictment dismissed on speedy trial grounds, it agreed that the People should be charged with what the Appellate Division had found were "103 days of delay * * * resulting from the People’s failure to have the Department of Correction produce defendant for various court appearances.” (People v Jones, 105 AD2d 179, 181-182 [2d Dept 1984].)
In People v McKenna (76 NY2d 59 [1990]), for five months after their announcement of readiness, the People failed to provide the trial court with Grand Jury minutes for resolution of a motion to inspect and dismiss the indictment. Finding that the failure to produce the minutes "was a direct, and virtually insurmountable, impediment to the trial’s very commencement,” the court found it analogous to an unexcused failure by the People to produce a defendant in their custody for trial, "since in both situations it is the People’s dereliction that is preventing the defendant’s trial from going forward.” (Supra, at 64.) Thus, relying on its prior decision in Anderson (supra), the court held that and other delay chargeable to the People and dismissed the indictment.
As the Court of Appeals has held, "ready for trial” has two components: first, a statement of readiness, and second, a state of actual readiness. (People v Kendzia, 64 NY2d 331, 337 [1985].) Here the People had originally communicated their readiness for trial while the defendant was still incarcerated within the jurisdiction and present in court. However, once the defendant was transferred out of the jurisdiction, they were no longer ready for trial. "The test is whether the People are able to present their case and do so immediately.” (People v Robinson, 171 AD2d 475, 477 [1st Dept 1991].) Without the presence of the defendant, the trial could obviously not go forward. (People v Jones, 105 AD2d 179, 186 [2d Dept 1984], affd 66 NY2d 529 [1985], supra.) Accordingly, the People were not ready for trial throughout the defendant’s absence from the jurisdiction, from February 1990 until November 19, 1990.
Whether that period is excludable under CPL 30.30 (4) (e) is a separate question. While CPL 30.30 (4) (e) might afford the People a reasonable period of time to learn of the defendant’s transfer and then arrange for his return (see, People v McLaurin, 38 NY2d 123; but see, People v Jones, 105 AD2d 179, 186 [2d Dept 1984], affd 66 NY2d 529 [1985], supra; People v Scott, 56 AD2d 667 [2d Dept 1977] [absence of defendant "lost in the system” is chargeable to the People despite finding of diligent efforts to produce him]), the People concede here that they *261 failed to inquire into his absence until defense counsel told them where the defendant was incarcerated.
The People’s failure to make their own inquiry earlier would have risked the dismissal of the case even had the defendant been released on bail (see, People v Harrison, NYLJ, Oct. 19, 1990, at 23, col 3 [Sup Ct, Bronx County] [charging the People with period of time after bench warrant issued because defendant was, unknown to prosecutor, in custody on unrelated case]). It is even less excusable here, where they knew the defendant to be in custody prior to his transfer upstate. (People v Crosby, NYLJ, May 7, 1991, at 30, col 2 [Sup Ct, Kings County] [where defendant incarcerated following arrest, but released on bail before arraignment, People had duty to make inquiry following his failure to be produced for arraignment].) Although the People, once informed of the defendant’s location, did take steps to return him to Rikers Island, this does not excuse their admitted failure to do so before, for a period well in excess of six months.
In determining whether this conclusion dictates the granting of the defendant’s motion, the question remains whether he is correct that the entire period is per se includable, or whether — to the contrary — CPL 30.30 (4) permits that any portion of the period be excluded. The defendant cites no case in support of his per se rule, which the Court of Appeals has, in fact, implicitly rejected.
In People v Worley (66 NY2d 523 [1985]), decided the same day as Anderson (supra), the court held that adjournments at the request or with the consent of the defendant were excludable under CPL 30.30 (4), even if the period they covered would otherwise be includable because of a failure of the People to advance the prosecution. The court noted that CPL 30.30 was designed to address delays caused by the People, and to exclude the time required for defendant’s pretrial motions and his requested adjournments. Reasoning that such delays "have been caused by the defendant for his own benefit, and with the court’s permission, under circumstances in which both the defendant and the court have determined that the adjournment is desirable,” the court held that, "In view of the defendant’s express waiver of the delay, the People are not required to causally trace their lack of readiness to defendant’s actions before the court is warranted in excluding the periods resulting from adjournments authorized by subdivision 4 (a) and (b).” (66 NY2d, at 527.) (See also, People v Meierdiercks, 68 NY2d 613 [1986] [adjournments for preliminary *262 hearing with consent of defendant excludable]; People v Kopciowski, 68 NY2d 615 [1986] [adjournments permitting the defendant to be indicted on felony charge excludable because of defendant’s consent].) Thus here, even though defendant counsel’s actions did not cause the People’s unreadiness, adjournments authorized under paragraphs (a) and (b) of CPL 30.30 (4) are excludable.
While the Court of Appeals appears thus far to have applied this rule only in the context of prereadiness delays, logically it is equally applicable to postreadiness delay, since the People "are entitled to the full period allowed, either before or after answering ready,” and "a contrary rule might otherwise result in the People withholding their declaration of readiness * * * until just prior to the expiration of the applicable period.” (People v Anderson, 66 NY2d, supra, at 537.) Thus, it is necessary to determine what periods, if any, are excludable, despite the defendant’s lengthy absence from the jurisdiction.
THE SPEEDY TRIAL CALCULATION
The filing of the first accusatory instrument in this case occurred on August 1, 1989, and this motion was filed on January 30, 1991. Because far more than six months have passed between these two events, the People have the burden of establishing that the excess time is excludable pursuant to CPL 30.30 (4). (People v Santos, 68 NY2d 859, 861 [1986]; People v Lomax, 50 NY2d 351 [1980]; People v Berkowitz, 50 NY2d 333 [1980].)
[Omitted here for purposes of publication is that part of the opinion determining that for the period between the filing of the accusatory instrument and the making of the speedy trial motion, a total of 72 days are chargeable to the People.]
The defendant filed this motion on January 30, 1991. Since then, the People have requested a number of adjournments to obtain the minutes of the court appearances and to respond to the merits. The People served their answer on May 21, 1991, and the defendant replied on June 20, 1991. Because the People’s response was misrouted within the court system, this court has only had a complete set of motion papers since the beginning of July 1991. Since then, the motion has been under the court’s consideration (except, of course during the three weeks the court itself was on vacation).
While the period from December 6, 1990 (when the defendant first requested time to file his speedy trial motion) to the *263 present is substantial, it is attributable to the filing, answering and resolution of this speedy trial motion and is excluded pursuant to CPL 30.30 (4) (a).[1] (People v Kendzia, 64 NY2d 331, 338 [1985], supra; People v Shannon, 143 AD2d 572 [1st Dept 1988].) Indeed, all of this period would be excludable, even if after a hearing it was determined that the People had been dilatory in filing their response to the motion.
In People v Evans (99 AD2d 535 [2d Dept 1984]), the Second Department held that an unreasonable delay in responding to a speedy trial motion was not chargeable to the People, since it did not affect the People’s previously announced readiness for trial. This holding is consistent with the subsequent decisions of the Court of Appeals in Anderson and McKenna (supra). In McKenna, the court held that the People’s negligent failure to provide the trial court with Grand Jury minutes for a motion to inspect and dismiss was a "direct, and virtually insurmountable, impediment to the trial’s very commencement” (People v McKenna, 76 NY2d 59, 64 [1990], supra), and thus had direct bearing on the People’s readiness even though without the minutes the People were capable of presenting their case at trial. However, where there are alternative, lesser sanctions for such dilatory action by the People, the delay their conduct causes is not chargeable for speedy trial purposes. (People v McKenna, 76 NY2d, at 65; People v Anderson, 66 NY2d 529, 537-538 [1985], supra.) Since here lesser sanctions were available, any unreasonable delay in the People’s response would not impact upon the defendant’s speedy trial rights.[2] (But see, People v Nelson, NYLJ, Mar. 26, 1991, at 24, col 6 [Sup Ct, Bronx County].)
The records submitted by both sides leave no factual dis *264 putes requiring an evidentiary hearing, and establish that the People should be charged with 72 days of delay, less than the six months permitted them. Accordingly, the defendant’s motion to dismiss the indictment for failure to meet his statutory right to a speedy trial is summarily denied. The defendant has also made no showing that his right to a speedy trial under the State or Federal Constitutions has been violated (People v Taranovich, 37 NY2d 442 [1975]), and his motion to dismiss on that ground is also denied.

. The prosecutor requested additional time in order to secure the minutes of the numerous adjourned dates in the case. The minutes were particularly necessary to the resolution of the defendant’s motion, since the court file inaccurately reflects the defendant’s production on dates when he was actually incarcerated in Elmira (Apr. 16 and 30; May 14 and 21; June 7; July 26; and Sept. 27 and 28, 1990), and on many occasions the case was adjourned without any parties being present. Accordingly, it was reasonable for the People to delay their response until they were obtained, and appropriate for the court to grant adjournments for that purpose.

. For example, the court could preclude a response from the People and include, for speedy trial purposes, periods of time for which there is no explanation upon the available record. The defendant, in fact, sought just such a remedy on more than one appearance at which the People requested additional time for their response, and he has not asked for the inclusion of any period of time after his speedy trial motion was filed.